2000 ME 98

**In re KRISTY Y.**

Supreme Judicial Court of Maine.

Argued May 1, 2000.
Decided May 25, 2000.

E. Chris L'Hommedieu (orally), Lewiston, for appellant.

Andrew Ketterer, Attorney General, Michael C. Kearney, Asst. Attorney General (orally), Nora Sosnoff, Asst. Attorney General, Augusta, for appellee.

Ronald Aseltine, Wilton, Guardian ad Litem.

David M. Sanders, Livermore Falls, for mother.

Before CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] The father of Kristy Y. appeals from a summary preliminary hearing order of the District Court (Rumford, *Beliveau, J.*) finding an aggravating factor based on a prior involuntary termination of parental rights and authorizing the Department of Human Services to not commence reunification efforts in this child protective case. The father challenges the constitutionality of the summary preliminary hearing process which resulted in the Department being excused from commencing reunification efforts. The father also challenges the District Court's actions in purporting to deny notices of appeal filed to this Court. Determining that the constitutional claims are without merit and the father's appeal is interlocutory, we dismiss the appeal.

[¶ 2] The District Court (Rumford, *Beliveau, J.*) issued an order on December 9, 1998, terminating Kristy Y.'s father's and mother's parental rights to two siblings, pursuant to 22 M.R.S.A. § 4055(1)(B)(2) (1992). Nine months later, on September 2, 1999, Kristy Y. was born. The Department of Human Services immediately obtained a preliminary order of child protection, *see* 22 M.R.S.A. § 4034(2) (1992), placing the child in the temporary custody of the Department. A contested summary preliminary hearing was held on September 10, 1999, pursuant to 22 M.R.S.A. § 4034(4) (1992 & Supp.1999).[1]

---

1. 22 M.R.S.A. § 4034(4) states:

If the custodial parent appears and does not consent, or if a noncustodial parent requests a hearing, then the court shall hold a summary preliminary hearing on that order within 10 days of its issuance or request. If a parent or custodian is not served with the petition before the summary preliminary hearing, the parent or custodian may request a subsequent preliminary hearing within 10 days after receipt of the petition. The petitioner bears the burden of proof. At a summary preliminary hearing, the court may limit testimony to the testimony of the caseworker, parent, custodian, guardian ad litem, foster parent, preadop-

tive parent or relative providing care and may admit evidence, including reports and records, that would otherwise be inadmissible as hearsay evidence. If after the hearing the court finds by a preponderance of the evidence that returning the child to the child's custodian would place the child in immediate risk of serious harm, it shall continue the order or make another disposition under section 4036. *If the court's preliminary order includes a finding of an aggravating factor, the court may order the department not to commence reunification or to cease reunification, in which case a permanency planning hearing must com-*

[¶ 3] While these hearings are characterized in the statute as "summary," they are in fact hearings in which both the Department and the parents have the right to present witnesses and exhibits, testify, and be represented by counsel. At the September 10 hearing, both Department representatives and the parents testified. In addition, as authorized by section 4034(4), the court received documentary evidence including the December 9, 1998, termination of parental rights order. After the hearing, the court issued a preliminary order granting custody of Kristy Y. to the Department. Included in the order was a directive that, because of the aggravating factor of the prior involuntary termination of parental rights, the Department need not commence reunification efforts.

[¶ 4] Determinations at a summary preliminary hearing are subject to change in later proceedings, and facts found by the court after the summary preliminary hearing are not final for purposes of collateral estoppel or issue preclusion. *See In re Misty B.*, 2000 ME 67, ¶ 7, 749 A.2d 754. In fact, where a summary order issues, section 4034(4) requires that a permanency planning hearing be held within thirty days to permit further review by the court, with participation by the parents, regarding custody, treatment, counseling, and reunification issues. In the present case, that hearing was scheduled for October 8, 1999. Before that hearing could be held, however, the father filed a notice of appeal to this Court. The District Court in one order denied the appeal request and in a separate order dismissed the appeal. Citing 22 M.R.S.A. § 4006 in its order dismissing the appeal,[2] the court ruled that orders issued pursuant to section 4034 are not appealable. As a result of the District

Court's actions, the child protective case continued active in the District Court.[3]

[¶ 5] The father's appeal from the preliminary order is not an appeal from an order authorized to be taken to this Court pursuant to 22 M.R.S.A. § 4006. By operation of section 4006, orders issued pursuant to 22 M.R.S.A. § 4034 are interlocutory orders and, therefore, not subject to appeal. While acknowledging this, the father asserts that the summary preliminary hearing process creates a constitutional due process violation depriving him of rights which justifies his appeal under the "death knell" exception to normal rules barring interlocutory appeals. *See Webb v. Haas*, 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264 ("The death knell exception permits an appeal from an interlocutory order where substantial rights of a party will be irreparably lost if review is delayed until final judgment.").

[¶ 6] Due process is a flexible concept calling for "such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Due process requires fundamental fairness, which involves consideration of three factors to assess whether the State has violated an individual's right to due process:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and administrative burdens that the ad-

---

*mence within 30 days of entry of the preliminary order.*
(Emphasis added.)

2. 22 M.R.S.A. § 4006 (Supp.1999) provides in pertinent part that "orders entered under [Chapter 1071] *sections other than 4035, 4054 or 4071 are interlocutory and not appealable.*"

3. This Court was advised by counsel at oral argument that a jeopardy order, 22 M.R.S.A. § 4035, has since been issued continuing custody with the Department of Human Services and authorizing the Department of Human Services to cease any reunification efforts.

ditional or substitute procedural requirement would entail.

*Balian v. Board of Licensure in Medicine,* 1999 ME 8, ¶ 10, 722 A.2d 364, 367 (quoting *Mathews v. Eldridge,* 424 U.S. at 335, 96 S.Ct. 893 (1976)); *see also In re Kafia M.,* 1999 ME 195, ¶¶ 21–22, 742 A.2d 919, 926–27.

■ [¶ 7] Applied to hearing processes where significant rights are at stake, due process requires: notice of the issues,[4] an opportunity to be heard,[5] the right to introduce evidence and present witnesses,[6] the right to respond to claims and evidence,[7] and an impartial factfinder.[8]

[¶ 8] In these circumstances, the father has demonstrated no constitutional due process violation in the summary preliminary hearing process. He had notice and opportunity to be heard, he was represented by counsel, he had the opportunity to examine witnesses, to testify, and to present and respond to evidence before an impartial factfinder. Further, the court's order excusing the Department from commencing reunification efforts in no way prevented the parents from obtaining counselling and reunification support services on their own had they elected to do so. Thus, the summary preliminary hearing process authorized by 22 M.R.S.A. § 4034(4) does not work a due process violation on parents who participate in the process. Rather, it promotes the legitimate statutory objective of assuring prompt consideration of difficult issues relating to child protection and abuse. 22 M.R.S.A. § 4003. Where a summary preliminary order issues, it affords relatively prompt review in the permanency planning hearing process and, at all stages, it af-

fords the parents the right to be heard and be assisted by counsel.

[¶ 9] While the father asserts that there was inadequate time to prepare for the preliminary hearing, there is no indication in the record that the court denied the father an opportunity to present for its consideration any then available evidence. A key issue at the hearing was the prior termination order that was included in the record and that was only nine months old at the time of the hearing. That order, and the parents' history leading to that order, all of which had been addressed in full hearings with the same participants, were the primary bases for the court's excusing the Department from commencing reunification efforts. The father had a full opportunity over the course of approximately a year and a half to litigate and participate in the decision-making regarding all of the issues incident to the 1998 termination order. Because of the issuance of the summary preliminary hearing order, the father also was afforded the additional opportunity to have a permanency planning hearing within thirty days.

[¶ 10] Accordingly, the section 4034(4) preliminary hearing process does not create any constitutional due process violation. Thus, there is no authorized appeal from an order issued from a summary preliminary hearing. Appeal to this Court is barred by 22 M.R.S.A. § 4006, and appeal is not available by law under any other exception to the normal prudential judicial rule barring interlocutory appeals. Therefore, the father's appeal must be dismissed.

[¶ 11] Normally, the pendency of an appeal stays further proceedings. M.R. Civ. P. 73(f). The District Court's actions in

---

4. *See Secure Environments, Inc. v. Town of Norridgewock,* 544 A.2d 319, 325 (Me.1988).

5. *See Secure Environments, Inc.,* 544 A.2d at 325; *Mutton Hill Estates, Inc. v. Town of Oakland,* 468 A.2d 989, 992 (Me.1983).

6. *See Barber v. Inhabitants of Town of Fairfield,* 460 A.2d 1001, 1006 (Me.1983).

7. *See In re Maine Clean Fuels, Inc.,* 310 A.2d 736, 745–48 (Me.1973).

8. *See Mutton Hill Estates, Inc.,* 468 A.2d at 992; *Sevigny v. City of Biddeford,* 344 A.2d 34, 40 (Me.1975).

separately denying and dismissing the father's notice of appeal may have been entered in an effort to assure that the proceedings were not stayed. However, such action was not necessary to protect the District Court's capacity to continue to process the matter. Rule 62(a), M.R. Civ. P., permits continued implementation and processing of child protective orders during the course of any appeal of such orders.

[¶ 12] Once an appeal is filed, in a statutory scheme where direct appeals to the Law Court are authorized, only this Court may act on the appeal. 4 M.R.S.A. § 57 (1989). A trial court is not authorized to act on an appeal from its own order. However, in this case, the court, while lacking authority to act on the appeal, acted properly in continuing to process the child protective case during the pendency of the appeal. All appeals in child protective cases except those specifically authorized by 22 M.R.S.A. § 4006 are interlocutory appeals. The filing of any appeal should not disrupt normal District Court processing and timing for consideration of child protective cases while the appeal is pending in this Court.

The entry is:

Appeal dismissed.