STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.s AP-03-056,
AP-04-049

Barbara Littlefield,
          Petitioner

v.                                                                    ORDER

Peter Walsh, Commissioner,
Maine Department of Human Services,
          Respondent

This case comes before the court on Respondent Department of Human

Services' Motion to Dismiss Petitioner Barbara Littlefield's 80(C) complaints,

pursuant to Maine Rule 12 of Civil Procedure.

**FACTS**

On July 9, 2003 Barbara Littlefield (Petitioner) received a letter from

Defendant Maine Department of Human Services (DHS) telling her that DHS

had substantiated charges that she had emotionally abused her teenaged

daughter.[1] The decision was based on witness statements and interviews

---

[1]  According to DHS guidelines for its caseworkers:
> The decision to substantiate whether a child has been abused or neglected or not has a significant impact on the child, the abuser and the child's family. Substantiation of child abuse or neglect gives the Department the authority and duty to intervene in a family in order to:
> 1) protect the child(ren),
> 2) provide services to reduce and/or eliminate the abuse and neglect and its underlying causes,
> 3) request the court to remove a child from the home when the child is in jeopardy or immediate risk of serious harm. [Title 22 MRSA §4003]
>
> A person can only be substantiated as an abuser if that person is "responsible for the child." [Title 22 MRSA §4002 Subsection 8] Person responsible can mean anyone who explicitly or implicitly has been given or assumed responsibility for a child. This includes but is not necessarily limited to parents, adult members of the household, day care

conducted by DHS. As a result of this finding, Petitioner's name was listed in a database maintained by DHS called MACWIS, or Maine Automated Child Welfare Information System. Petitioner requested a review of the substantiation finding. Following an internal "paper review,"[2] DHS upheld the substantiation on August 6, 2003, and told Petitioner she had no further recourse or appeal. Because Petitioner is a certified Maine teacher and works in childcare, her presence in the MACWIS database as a person substantiated for abuse will affect her ability to be recertified and continue in her employment.

On September 5, 2004, Petitioner filed a petition for review of an agency action, pursuant to Maine Rule 80C of Civil Procedure. (CV-03-56). DHS filed a Motion to Dismiss pursuant to Rule 12 (b)(1) for lack of subject matter jurisdiction, arguing that the substantiation decision is not a "final agency action" under the Maine Administrative Procedures Act. This Court dismissed Petitioner's action after she failed to file an opposition to DHS's motion. On

---

providers, babysitters, older siblings and adult family members who may not live in the home but are there frequently.

If an individual is substantiated as an abuser their name is entered into MACWIS. This can impact on the abuser's ability to be employed in professions that involve contact with children. Being substantiated as an abuser can also mean that the Department will intervene in their lives for many years into the future. Making an inaccurate substantiation decision could result in a child continuing to be abused or neglected.
DHS D-1 Substantiation Practice Guidelines (Effective 4/19/02), available at:
*http://www.maine.gov/dhhs/bcfs/policy/sect04/iv_d_1_substantiation_practice_guidelines.htm*.

[2] In a "paper review," DHS reconsiders "all relevant Department records and all relevant written information that the applicant submits." 10 148 CMR 201. It was the only review process available to persons substantiated before the rule change on November 1, 2003. The review was required pursuant to the Federal Child Abuse and Neglect Prevention and Treatment Act (CAPTA) that required persons who had been found by a State to have committed child abuse or neglect be provided with the right to appeal that finding by requesting an agency review. *See* Section 106(b)(2)(A)(xi)(II). CAPTA also required that notice of the right and the method for requesting an agency review be given to the substantiated party at the time they are notified of the finding of abuse or neglect. The purpose of this requirement was expressly to afford due process. State agencies were given flexibility in designing the review process; however, the agency representative conducting the review was required to have the authority to overturn a previous finding of abuse, and could not have been involved in any earlier stage of the case. *Id.*

December 1, 2003, Petitioner moved to set aside the dismissal pursuant to M.R. Civ. P. 60(b). Petitioner also moved to amend her complaint to include Count II, claiming her presence on a list of persons substantiated for abuse was a violation of Due Process. On October 21, 2004, both Petitioner's motions were granted. DHS moved to dismiss Petitioner's action for lack of jurisdiction, pursuant to Rule 12h)(3) and to dismiss Petitioner's Due Process claim for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6).

Petitioner filed a second 80C petition September 10, 2004, before the above motions were granted, and after Petitioner was notified she was ineligible to be listed in the *Trust me* program, a DHS service provided to parents and employers of caregivers who have passed a DHS background check (CV-04-49). Petitioner again asserts that the substantiation decision was wrongfully made (Count I), and violated her Due Process protections (Count II). DHS moved to dismiss this petition under Rules 12(b)(6), for failure to state a claim, and 12(h)(3), for lack of jurisdiction. This Court is ordering both matters consolidated.

**DHS's New Appeal Regulations**

On November 1, 2003, DHS amended its procedures for persons substantiated for abuse or neglect to appeal that finding. Me. Dep't of Hum. Serv., 10 148 CMR 201.[3] Under the new regulation, DHS expressly notifies substantiated persons that their names are maintained in MACWIS, and that they "may be at risk of legal harm." *Id.* at VII (F)(d), including loss of employment or denial of employment, loss of government licenses or benefits,

---

[3] The new regulations were part of an agreement reached by Maine Equal Justice Partners, Maine *Civil Liberties Union, the Attorney General's office and the Department of Human Services'* Bureau of Child and Family Services to provide due process to persons substantiated for abuse or neglect of a child.

exclusion from some education programs, and "deprivation of a life, liberty or property interest that is protected by the Due Process clauses of Maine and U.S. Constitutions." *Id.* at II (G)(1-4). The regulation creates a right to a full hearing upon timely request, with DHS bearing the burden of persuasion as to the validity of the substantiation. *Id.* at VIII. These new regulations, which reflect the due process issues raised by previous substantiation decisions, do not automatically apply to Petitioner's substantiation, which occurred four months before the regulation's effective date.

## I. Subject Matter Jurisdiction Under M.R. Civ. P. 12(h)(3)(Count I).

In cases where a motion to dismiss challenges the subject matter jurisdiction of the court, the court does not make inferences in favor of the plaintiff. *Davric Me. Corp. v. Bangor Historic Track, Inc.*, 2000 ME 102, ¶ 6, 751 A.2d 1024, 1028. "Jurisdiction is the essential basis upon which all court powers rest, and even willing submission by the parties of their dispute cannot confer it." *Fletcher v. Feeney*, 400 A.2d 1084, 1089 (Me. 1979)(citations omitted).

M.R. Civ. P. 80C provides: "A review of final agency action or the failure or refusal of an agency to act brought in the Superior Court pursuant to 5 M.R.S.A. § 11001 et seq., Maine Administrative Procedure Act, . . . shall be governed by these Rules of Civil Procedure as modified by this rule, except to the extent inconsistent with the provisions of a statute." M.R. Civ. P. 80C(a). Under the Act, a "final agency action" is "a decision by an agency which affects the legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." 5 M.R.S.A. § 8002(4)(2004). The Law Court has held that, "[d]espite the distinctly adjudicative flavor of the [statutory] definition,

4

'final agency action' is not necessarily limited to strictly adjudicative decisions." *Brown v. State Dept. of Manpower Affairs*, 426 A.2d 880, 883 (Me. 1981)(finding that the intent of the statute is "to make *all* agency decisions affecting one's rights, duties or privileges judicially reviewable, not just those made in licensing or adjudicatory proceedings.") *Id.* (citations omitted). Thus the Superior Court did not hesitate to assert jurisdiction over an 80C appeal of DHS's substantiation of abuse by a Certified Nurse's Assistant, when that substantiation resulted in a permanent record notation precluding her from all future employment as a CNA. *See, e.g., Clement v. DHS*, KENSC-AP-98-35 (Mr. Super. Ct., Ken. Cty., March 26, 1999)(Marden, J.). However, when the District Court placed no restraints on a father's contact with his child after his substantiation, and no actions were taken against him by DHS, the father was found not to have had his "legal rights, duties or privileges" affected by the substantiation, and the court had no jurisdiction to hear his 80C petition. *McEwen v. DHS*, KENSC-AP-02-04 (Me. Super. Ct., Ken. Cty., December 16, 2002)(Marden, J.).

Here, Petitioner maintains she is employed in childcare and certified as a teacher. Maine's Department of Education has mandatory access to the DHS list of substantiated persons in MACWIS under the State statute that provides:

> The department [of Human Services] shall disclose relevant information in the records to the following persons: . . . .
>> F. The Commissioner of Education when the information concerns teachers and other professional personnel issued certificates under Title 20-A, persons employed by schools pursuant to Title 20-A or any employees of schools operated by the Department of education;

22 M.R.S.A. § 4008(3)(F)(2004). Teachers in Maine must be certified in order to teach, and must have their certification periodically renewed. Me. Dept. of Educ. 05 071 CMR 115. Teachers will have their certification (or recertification) denied,

revoked or suspended if they "injured the health or welfare of a child through physical or sexual abuse or exploitation" *Id.* at § 14.1(A), or engaged in grossly negligent conduct "evidencing a negligent disregard for the mental or physical health, safety or welfare of children." *Id.* at (D)(2). *See also,* 20-A M.R.S.A. § 13020 (2004). In addition, all applicants for certification must "furnish evidence of . . . good moral character." 20-A M.R.S.A. § 13011(2)(A).

At oral argument, Petitioner also maintains she is excluded from required recertification classes by her presence on the list of substantiated persons. Finally, Petitioner's current employment in childcare is jeopardized by her presence in MACWIS. Licensed caregivers must check MACWIS for information on all employees.[4] Under its *Trust me* program, DHS maintains a list of caregivers who have passed "a background check," including a search of the substantiation database. *Trust me* also functions as a screening mechanism of eligible caregivers for parents seeking to pay for childcare using State-issued vouchers. Petitioner has been expressly denied eligibility for the *Trust me* listing as a result of the substantiation.

Petitioner's argument that her legal rights, duties or privileges are affected by her substantiation would seem to reflect DHS's new provisions, warning substantiated persons of "legal harms" that may result, or are even presumed to result from their substantiation: loss of employment, or denial of employment, loss or denial of benefits or licenses issued by the government, denial of an application for a license or certificate for childcare. Me. Dep't of

---

[4] Under DHS licensing requirements, a child protection report must be obtained for all paid, unpaid, temporary, or regular staff members, directors, volunteers, governing members, trustees, partners, corporate officers, owners and operators of childcare facilities Dep't of Hum. Serv., 10 148 CMR 032(III)(U)(2004).

Hum. Serv., 10 148 CMR 201. Petitioner's presence on a database of substantiated persons meets the requirement of a final agency action affecting Petitioner's legal rights, duties or privileges in continuing to maintain certification and eligibility in her field of employment, teaching and childcare. The substantiation decision is dispositive in that it precludes Petitioner participation in essential recertification classes and bars her from caring for children whose parents use State-issued vouchers. 5 M.R.S.A. § 8002(4)(2004). 5 M.R.S.A. § 11001(1)(2004). Furthermore, the Law Court has noted the intent of drafters of 5 M.R.S.A. § 11001 that even nonfinal agency decisions should be reviewed "when review of the final action would be ineffective." *Northeast Occupational Exch. v. Bureau of Rehabilitation*, 473 A.2d 406, 409 (Me. 1984)(citing decisions from the U.S. Supreme Court and D.C. Circuit in the commentary to § 11001(1)). The Law Court quoted the proposition that the ultimate test of "reviewabililty" is to be found "not in an overrefined technique, but in the need of the review to protect from irreparable injury threatened in the exceptional case by administrative rulings which *attach legal consequences to action taken in advance of other hearings and adjudications that may follow." Id.*at 409-10 (emphasis in the original). Here, if Petitioner is denied recertification, or loses her current employment, Petitioner may face irreparable injury.[5] It is also far from clear whether Petitioner could attack the basis for DHS's substantiation decision and her presence in the MACWIS database in the course of a recertification or employment review. In short, there is no evidence that there is any way for Petitioner to remove her name from MACWIS, even if it was included in error.

---

[5] By law, Petitioner could not return to teaching within five years of having her certification revoked "for reasons of child abuse or exploitation." 20-A M.R.S.A. § 13020 (4)(A) (2004).

## II. Due Process Protections (Count II).

On a Motion to Dismiss pursuant to Rule 12(b)(6), the court will examine the complaint in a light most favorable to the Petitioner and accept the material facts of the complaint as true. *Davric Me. Corp. v. Bangor Historic Track, Inc.,* 2000 ME 102, ¶ 6, 751 A.2d 1024, 1028.

"Due process is implicated when governmental decisions infringe on liberty or property rights." *Guardianship of K-M,* 2005 ME 8, ¶ 22, __A.2d ___. The Maine and federal Constitutions guarantee due process before the state deprives a citizen of a property interest. *Board of Overseers of the Bar v. Lefebvre,* 1998 ME 24, ¶ 15, 707 A.2d 69, 73; U.S. Const. amend. XIV, § 1; Me. Const. art. 1, § 6-A. The process due to a Petitioner will "vary from case to case . . . to assure the basic fairness of each particular action according to its circumstances." *Fichter v. Board of Envtl. Protection,* 604 A.2d 433, 437 (Me. 1992) (citation omitted).

When assessing whether an individual's procedural due process rights have been violated, the court examines three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through procedures used, and the value, if any, of additional or substitute safeguards; and (3) the Government's interest, including the function involved and any administrative burdens that an additional or substitute procedure would entail. *Balian v. Board of Licensure in Medicine,* 1999 ME 8, ¶ 10, 722 A.2d 364, 367 (citing *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976)). The Law Court has held when "[a]pplied to hearings processes where significant rights are at stake, due process requires: notice of the issues, an opportunity to be heard, the right to introduce evidence and present witnesses, the right to respond to claims and evidence, and an impartial factfinder." *In re Kristy Y.,* 2000 ME 98,

¶ 7, 752 A.2d 166, 169 Citations omitted). Also, the U.S. Supreme Court has stated, "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Foucha v. Louisiana*, 504 U.S. 71, 80, (1992) (citations omitted).

Under the first *Eldridge* factor, Petitioner has a property interest in her certification and in pursuing her current livelihood, that is at stake in the substantiation decision. *See, e.g., Balian v. Board of Licensure in Medicine*, 1999 ME 8, ¶ 11, 722 A.2d 364, 367 (finding a protected property interest in proceedings where doctor's license and therefore, his "financial resources" were at stake); *Brennan v. Johnson*, 391 A.2d 337, 340 (Me. 1978)(finding procedural due process is required before a driver's license could be revoked); *Bell v. Burson*, 402 U.S. 535, 539 (1971)(finding a driver's license, once issued, becomes an important property interest because its "continued possession may become essential in pursuit of a livelihood.").

Second, the risk of erroneous deprivation and the value of additional safeguards in the substantiation process are clearly evident. Petitioner's "paper review," did not allowed Petitioner a chance to be heard, to examine evidence used against her, question witnesses, or adequately refute the evidence that formed the basis of the finding. DHS, by its own admission, points up a substantial risk of erroneous deprivation when it concedes that over half of the substantiation decisions appealed under the new procedures are overturned.[6] Under the third factor, the Government has a considerable interest in having an

---

[6] *See* Gary Remal, *Child Abuse Suspicions Increasingly Nullified,* KENNEBEC JOURNAL, Jan. 6, 2005 (quoting DHS spokesperson Michael Norton).

accurate listing of perpetrators of child abuse and neglect in order to focus its services and protections where they are actually needed. Because DHS currently has an appellate procedure in place, only a slight additional burden would be imposed by making that process available to the Petitioner.

Viewed in a light most favorable to Petitioner, the evidence in the pleadings sets forth all the necessary elements of a due process claim and Respondent's Motion to Dismiss Count II must fail.

This Court hereby **ORDERS** the two cases consolidated pursuant to Maine Rule of Civil Procedure 42(a). Respondent Department of Human Services' Motions to Dismiss are **DENIED.**

Date February 4, 2005

Roland A. Cole
Justice, Superior Court

Date Filed 09-05-2003    Cumberland    Docket No. AP-03-56
County                                 **TO BE HEARD WITH AP04-49**

Action 80C Appeal                      **CONSOLIDATED WITH AP04-49**

BARBARA LITTLEFIELD                    PETER E. WALSH, COMMISSIONER (ACTING
                                       DEPARTMENT OF HUMAN SERVICES

                              vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jacqueline L. Gomes, P.A. | Matthew Pollack AAG |
| 55 Stroudwater Street | 6 State House Station |
| Westbrook, ME  04092 | Augusta ME 04333 |

Date of
Entry