2006 ME 2

**In re ELIZABETH D.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Dec. 13, 2005.

Decided: Jan. 12, 2006.

Danna A. Bailey, Esq., Saco, for appellant.

G. Steven Rowe, Attorney General, Lise Wagner, Asst. Atty. Gen., Matthew Pollack, Asst. Atty. Gen., Augusta, for appellee.

Elizabeth A. Mooney, Esq., Monaghan Leahy LLP, Portland, Guardian ad Litem.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] The mother of Elizabeth D. appeals from a judgment of the District Court (Biddeford, *Douglas, J.*) terminating her parental rights pursuant to 22 M.R.S.A. § 4055 (2004). The mother contends that there was insufficient evidence to support the court's parental unfitness and best interest findings. The Department of Health and Human Services cross-appeals from that portion of the judgment requiring the Department to provide services to the mother, including visitation between the mother and Elizabeth, during the pendency of this appeal. We affirm the judgment.

## I. DISCUSSION

### A. Sufficiency of the Evidence

[¶ 2] Elizabeth D. has been in the Department's custody since her birth in September 2001. Although the mother subsequently made good faith efforts to reunify, she remained incapable of having unsupervised visits with Elizabeth as of the termination hearing approximately three years later. Contrary to the mother's contentions, competent evidence in the record supports the court's findings that the mother was unable to take responsibility for Elizabeth within a time reasonably calculated to meet Elizabeth's needs, and that termination of parental rights was in Elizabeth's best interests. *See In re Kaleb C.,* 2002 ME 65, ¶ 7, 795 A.2d 71, 74.

### B. Court's Authority to Order Services Following a Termination of Parental Rights

[¶ 3] The Department contends that the court erred when it required the Department to maintain services for the mother during the pendency of the appeal, including supervised visits with Elizabeth, when it granted the Department's termination petition. According to the Department, a termination order deprives the court of its authority to require the Department to provide services to a parent whose rights have been terminated or to permit that parent to continue to have contact with the child. We review questions of law de novo.[1] *In re Scott S.,* 2001 ME 114, ¶ 10, 775 A.2d 1144, 1148.

[¶ 4] A parental termination order severs the relationship between parent and child. 22 M.R.S.A. § 4056 (2004); *In re Melanie S.,* 1998 ME 132, ¶¶ 6–7, 712 A.2d 1036, 1037–38. In *Melanie S.,* the trial court, after terminating the mother's parental rights, ordered the Department to provide regular visitation with the mother until the children were adopted. *Id.* ¶ 3, 712 A.2d at 1037. The visitation requirement was intended to be part of the court's final judgment, and not simply in effect pending the completion of any appeal that might be taken. We held that "[t]he court's attempt to terminate the mother's rights to her children and concomitantly to preserve her relationship with them by requiring the Department to provide for

---

1. Although our affirmance of the termination of the mother's parental rights renders the Department's cross-appeal moot, we address the issue raised in the cross-appeal because it is capable of repetition and could continue to escape judicial review. *See Ten Voters of Biddeford v. City of Biddeford,* 2003 ME 59, ¶ 8, 822 A.2d 1196, 1200 (recognizing that one of the exceptions to the mootness doctrine warranting adjudication is when " 'issues ... may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting or determinate nature' ") (quoting *Lewis v. State,* 2000 ME 44, ¶ 4, 747 A.2d 1191, 1192).

continuing visitation was beyond its authority." *Id.* ¶ 6, 712 A.2d at 1037–38. Our holding was in part based on the rationale that "an order terminating parental rights deprives the court of any authority to impose a condition that preserves contact between the parent and the child." *Id.* ¶ 7, 712 A.2d at 1038. *Melanie S.*, however, did not address the more narrow issue presented here in which the court provisionally ordered that services, including visitation, be provided pending the completion of any appeals taken from its termination judgment.

[¶ 5] Child protection proceedings are generally subject to the Maine Rules of Civil Procedure. 22 M.R.S.A. § 4007(1) (Supp.2004). Rule 62(e) provides that, with certain exceptions, "the taking of an appeal from a judgment shall operate as a stay of execution upon the judgment during the pendency of the appeal[.]" However, the Comment to Rule 62(e) provides that "[o]rders relating to parental rights ... are not stayed and may be enforced or modified pending appeal. M.R. Civ. P. 62(a)." M.R. Civ. P. 62(e) Comment, M.R. Civ. P. with Advisory Committee Notes and Commentary.[2] Rule 62(a) specifically provides in pertinent part that *"[u]nless otherwise ordered by the court,* ... an order relating to the care, custody and support of minor children ... shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal." (Emphasis added.) Here, the court essentially ordered otherwise when it required the Department to provide services, including visitation, pending appeal.

[¶ 6] In *In re Kristy Y.*, we held that Rule 62(a) "permits continued implementation and processing of child protective orders during the course of" an appeal. 2000 ME 98, ¶ 11, 752 A.2d 166, 170. Moreover, we held that "[t]he filing of any appeal should not disrupt normal District Court processing and timing for consideration of child protective cases while the appeal is pending in this Court." *Id.* ¶ 12, 752 A.2d at 170. *Kristy Y.* supports the proposition that the District Court retains the authority to conduct judicial reviews and enter appropriate orders pursuant to 22 M.R.S.A. §§ 4038, 4038–B (2004 & Supp.2005), and the jurisprudential principle that the District Court should be able to act in a capacity appropriate for parents and children.

[¶ 7] Accordingly, the court had the discretionary authority to require the Department to maintain "all services currently in place for [the mother], including without limitation the supervised visitations with Elizabeth" during the pendency of this appeal.

The entry is:

Judgment affirmed.

---

2. The Comment is available at http://www.courts.state.me.us/rules_forms_fees/ rules.