2014 ME 95

**In re L.R.**

**Docket No. Wal–13–507.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 1, 2014.
Decided: July 24, 2014.

Wayne Doane, Esq., Exeter, on the briefs, for appellant Grandmother.

Harold J. Hainke, Esq., Hainke & Tash, Whitefield, on the briefs, for appellee Mother.

Janet T. Mills, Attorney General, and Ariel Gannon, Asst. Atty. Gen., Office of the Attorney General, Augusta, on the briefs, for appellee Department of Health and Human Services.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] N.B., the grandmother of L.R., appeals from an order of the District Court (Belfast, *Worth, J.*) denying her motion for kinship placement pursuant to 22 M.R.S. § 4005–E(2) (2013). Because the appeal is interlocutory and is barred by 22 M.R.S. § 4006 (2013), we dismiss the appeal.

## I. BACKGROUND

[¶ 2] N.B. is L.R.'s maternal grandmother. N.B. is also the legal guardian of L.R.'s mother, C.R., who suffers from several mental illnesses and has borderline intellectual functioning. Following L.R.'s birth in April 2012, N.B. assisted C.R. in caring for the child but soon became concerned that C.R. was not consistently taking her medication and was making inappropriate choices concerning L.R.'s care. N.B. notified the Department of Health and Human Services of her concerns, and L.R. was placed in foster care in June 2012 when she was two months old.

[¶ 3] N.B. filed a motion for intervenor status, which was granted in June 2012. The Department initially provided N.B. with four hours of visitation with L.R. per week but gradually decreased visits to one hour of weekly supervised visitation. Jeopardy orders were entered against both of L.R.'s parents in November 2012.

[¶ 4] In December 2012, N.B. filed a motion pursuant to 22 M.R.S. § 4005–E(2) requesting that L.R. be placed with her. A placement hearing was held over two days in July and August 2013. The court heard testimony from several witnesses concerning L.R.'s attachment to her foster mother, L.R.'s attachment to N.B., N.B.'s relationship with C.R., and the emotional problems L.R. experienced following visits with N.B. The court issued a decision in August 2013 in which it denied N.B.'s motion for kinship placement, concluding that it was not in L.R.'s best interest to be placed with N.B. N.B. filed a motion to reconsider, which the court denied in October 2013. N.B. then filed her notice of appeal.

## II. DISCUSSION

[¶ 5] "All appeals in child protective cases except those specifically authorized by 22 M.R.S.[ ] § 4006 are interlocutory appeals." *In re Kristy Y.,* 2000 ME 98, ¶ 12, 752 A.2d 166. Title 22 M.R.S. § 4006 permits direct appeals from orders entered pursuant to 22 M.R.S. § 4035 (2013) (jeopardy orders); 22 M.R.S. § 4054 (2013) (termination of parental rights); or 22 M.R.S. § 4071 (2013) (medical treatment

orders). Section 4006 provides that all other orders entered pursuant to the Child and Family Services and Child Protection Act "are interlocutory and are not appealable."

[¶ 6] The effect of section 4006 is that there is no statutory right to appeal from an interlocutory order in a child-protective case. *In re Dustin C.*, 2008 ME 89, ¶¶ 1, 4, 952 A.2d 993; *see also In re Johnna M.*, 2006 ME 46, ¶ 8, 903 A.2d 331 (explaining that an interlocutory appeal in a child-protective case is "subject to dismissal by operation of section 4006"); *In re Kristy Y.*, 2000 ME 98, ¶ 10, 752 A.2d 166 ("Appeal to this Court is barred by [section 4006], and appeal is not available by law under any other exception to the normal prudential judicial rule barring interlocutory appeals.").

[¶ 7] N.B. argues that we may reach the merits of an interlocutory appeal in a child-protective case if one of the traditional exceptions to the final judgment rule applies. In certain situations implicating constitutional rights, we have considered arguments that an interlocutory appeal in a child-protective case falls within one of the judicially created exceptions to the final judgment rule. For instance, we considered a father's challenge to the constitutionality of the summary preliminary hearing process in child-protective cases and determined that the statutory procedure did not violate due process. *In re Kristy Y.*, 2000 ME 98, ¶¶ 1, 10, 752 A.2d 166. Because there was no constitutional violation, we determined that there was "no authorized appeal from an order issued from a summary preliminary hearing" and concluded that "[a]ppeal to this Court [was] barred by [section 4006], and appeal [was] not available by law under any other exception to the normal prudential judicial rule barring interlocutory appeals." *Id.*

[¶ 8] In *In re Bailey M.*, we accepted a mother's argument that the death-knell exception applied to her appeal from an order denying her motion to open her termination-of-parental-rights proceedings to the public after one of her children died under suspicious circumstances while in foster care. 2002 ME 12, ¶¶ 1, 3, 5, 8, 788 A.2d 590. We observed that the mother's asserted right to have the proceedings opened to the public would be irreparably lost if review were delayed until after the conclusion of the proceedings. *Id.* ¶ 8. We also noted that we had not previously addressed the constitutional question raised by the appeal; thus, we reached the merits of the appeal and ultimately affirmed the District Court's order. *Id.* ¶¶ 8, 12–20. We did not address the interplay, if any, between the traditional exceptions to the final judgment rule and section 4006.

[¶ 9] Because the final judgment rule is a judicially created prudential rule, we may fashion exceptions to it. *Moshe Myerowitz, D.C., P.A. v. Howard*, 507 A.2d 578, 580 (Me.1986). We do not, however, have the authority to apply judge-made exceptions to statutory provisions. As we have previously observed,

[t]he appellate jurisdiction of the Law Court and its power to review cases[ ] are entirely and exclusively those plainly conferred by statute. The right of appeal is not a constitutional one; nor does it arise under the common law; it is purely statutory. The Legislature, in granting a right to appeal in certain cases, may restrict, limit or otherwise condition its availability as it sees fit.

*In re Dustin C.*, 2008 ME 89, ¶ 6, 952 A.2d 993 (quoting *Rice v. Amerling*, 433 A.2d 388, 390–91 (Me.1981)). Section 4006 unequivocally provides that in child-protective cases orders other than termination orders, jeopardy orders, or orders authorizing medical treatment "are not appealable." *See In re Jacob C.*, 2009 ME 10,

¶ 9, 965 A.2d 47 ("When a statute is not ambiguous, its plain meaning will govern."). We cannot substitute our judgment for that of the Legislature. To the extent that our prior cases can be read to suggest that the traditional judge-made exceptions to the final judgment rule can be applied to interlocutory appeals in child-protective cases, we clarify that, absent any constitutional infirmity in the statute, we cannot craft exceptions to section 4006. *See In re Dustin C.*, 2008 ME 89, ¶¶ 5–8, 952 A.2d 993 (concluding that section 4006's limitation on the right to appeal in child-protective cases does not violate parents' constitutional rights to due process or equal protection). Accordingly, because N.B.'s interlocutory appeal is barred by section 4006, it must be dismissed.[1]

The entry is:

Appeal dismissed.

---

1.  We note that N.B.'s appeal would be barred by the final judgment rule even absent the application of section 4006. Although N.B. asserts that we should reach the merits of her appeal pursuant to the death-knell exception, that exception is only available "when substantial rights of a party will be irreparably lost if review is delayed until final judgment." *Liberty v. Bennett*, 2012 ME 81, ¶ 18, 46 A.3d 1141 (quotation marks omitted). Contrary to N.B.'s argument, she will not irreparably lose the opportunity to have L.R. placed with her if appellate review is denied at this time; testimony at the hearing established that if N.B. finds suitable housing the Department will consider her as a potential placement for L.R.