MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2021 ME 48
Docket:       And-21-100
Argued:       September 8, 2021
Decided:      September 28, 2021

Panel:        STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

IN RE CHILD OF NICHOLAS G.


JABAR, J.

[¶1]  For the reasons discussed below, we dismiss as interlocutory the father's appeal from a judicial review order that required him to return his child to Maine.  *See* 22 M.R.S. § 4038(6) (2021).

[¶2]  This child protection action began in March 2020, when the District Court (Lewiston, *Oram, J.*) granted the Department of Health and Human Services' (the Department) request for a preliminary protection order that gave custody of the child—who had been living with her mother—to her father.  In June 2020, the court issued a jeopardy order finding jeopardy as to the mother but not as to the father.  That order, to which the father agreed, required *both* parents to take certain steps toward reunification, including steps that required the child to be present in Maine.  Approximately three weeks after that order was issued, the father filed a request that the court issue a parental rights and responsibilities order pursuant to 22 M.R.S. § 4036(1-A) (2021).  In his request,

the father asserted that he "anticipated that [the Department] will move to dismiss" the pending child protection action after that order was issued. The parties were unable to agree that such an order should issue and, after a conference held on August 26, 2020, the court ordered that the case be scheduled for a contested hearing. The following day, the mother filed a motion for an expedited interim hearing. In that motion, she asserted that the father had told her—after the previous day's conference—that he had "an imminent plan to move with the child to Florida." She asked the court to schedule an expedited hearing on the issue of the proposed relocation of the child.

[¶3] Five months later, on January 25, 2021, the court held a hearing both to address the father's request for a parental rights and responsibilities order and to perform a judicial review regarding the child's relocation. The father failed to appear at that hearing and, therefore, the court did not consider his request for an order allocating parental rights and responsibilities. At the hearing, the court heard testimony demonstrating that the child remained in circumstances of jeopardy as to the mother and that, as a result, the child could not be returned to her. The court also heard testimony that the father had moved to Florida with the child and that, although there were some concerns, the child was safe in his care.

4

[¶4]  At the conclusion of the hearing, the mother, the guardian ad litem, and the Department all asked the court to order that the child be returned to Maine.  In the judicial review order it issued on March 5, 2021, the court found that there was no jeopardy as to the father and ordered that the child remain in his custody "subject to conditions outlined elsewhere in this order."  Among those conditions was the following:

> Within 21 days of the end of the 2020-2021 school year [the father] shall return to the State of Maine with [the child] and shall notify the Department and the Guardian ad Litem of his address upon return.

[¶5]  The father appealed this order.  *See* 22 M.R.S. §§ 4006, 4038(6) (2021).  Appeals from judicial review orders are interlocutory and not authorized under the statute.  22 M.R.S. § 4006 ("Orders entered under this chapter under sections other than 4035, 4054 or 4071 are interlocutory and are not appealable.").  Despite the father's requests, we do not have the authority to apply judge-made exceptions to this statutory provision, "absent any constitutional infirmity in [that] statute."[1]  *In re L.R.*, 2014 ME 95, ¶ 9, 97

---

[1]  In *In re L.R.*, we reaffirmed that

> "[t]he appellate jurisdiction of the Law Court and its power to review cases[] are entirely and exclusively those plainly conferred by statute.  The right of appeal is not a constitutional one; nor does it arise under the common law; it is purely statutory. The Legislature, in granting a right to appeal in certain cases, may restrict, limit or

A.3d 602. The father does not challenge the constitutionality of section 4006 in his appeal; he challenges only the constitutionality of the order.[2] An appeal of an interlocutory order on these grounds is not permitted.

The entry is:

Appeal dismissed.

---

Nathaniel Seth Levy, Esq. (orally), Portland, for appellant father

Aaron M. Frey, Attorney General, and Meghan Szylvian, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Lewiston District Court docket number PC-2020-27
FOR CLERK REFERENCE ONLY

---

otherwise condition its availability as it sees fit." . . . We cannot substitute our judgment for that of the Legislature.

2014 ME 95, ¶ 9, 97 A.3d 602 (quoting *In re Dustin C.*, 2008 ME 89, ¶ 6, 952 A.2d 993 (alterations in original)).

[2] Moreover, contrary to the father's argument, the order in question requires the father to return the child to Maine; it does not require him to establish his residence in Maine.