2006 ME 14

**FOX ISLAND GRANITE CO.**

v.

**AMERICAN GRANITE MANUFACTURERS, INC.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 29, 2005.

Decided: Feb. 16, 2006.

---

David M. Lipman, Esq., Benjamin J. Smith, Esq., Lipman, Katz & McKee, P.A., Augusta, for plaintiff.

Frank K.N. Chowdry, Esq., Jensen Baird Gardner & Henry, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] American Granite Manufacturers, Inc., appeals from a judgment of the Superior Court (Knox County, *Marden, J.*) awarding damages to Fox Island Granite Co. following the entry of default and a hearing on the issue of damages. American contends, among other things, that the court abused its discretion in denying American's motion to continue the trial. We affirm the judgment.

## I.. BACKGROUND

[¶ 2] On March 15, 2004, Fox Island, a Maine corporation based in Vinalhaven, filed a complaint against American, a Massachusetts corporation, alleging breach of contract and unjust enrichment. The complaint alleged that the parties entered into a contract in March 2002, by which Fox Island agreed to sell and American agreed to buy all of Fox Island's production of a certain type of granite produced at its quarry over the course of five years. According to the complaint, Fox Island shipped and American accepted granite blocks, but American never made any payment for the shipment. In addition to nonpayment for granite received, the complaint alleged damages resulting from equipment purchases, start up expenses, and lost profits.

[¶ 3] On May 25, 2004, a default was entered against American for failure to plead or otherwise defend the action. *See* M.R. Civ. P. 55(a). Both parties then received thirty days notice that a hearing on damages was set for October 21, 2004, *see* M.R. Civ. P. 55(b)(2), more than seven months after the filing of the complaint. The first entry of appearance on behalf of American was filed on October 21, the date

of the damages hearing. On that day, American moved for a continuance due to the fact that it had retained an attorney only two hours prior to the hearing and most of its witnesses were unavailable to testify that day. In support of its motion, American argued that its clerk had failed to alert the general manager to the scheduling of the damages hearing until two days before the hearing. Fox Island argued against a continuance based on its current financial situation dealing with unpaid creditors as a result of American's breach.[1] The court denied American's motion to continue, and after the hearing, it awarded Fox Island $917,512 plus costs and prejudgment as well as postjudgment interest. This appeal followed. American has raised several matters that do not merit discussion. We address only American's challenge of the court's denial of the motion to continue.

## II. DISCUSSION

[¶ 4] We review a ruling on a motion to continue to determine whether the court exceeded the bounds of its discretion. *See Christensen–Towne v. Dorey,* 2002 ME 121, ¶¶ 8–9, 802 A.2d 1010, 1012–13; *Magno v. Town of Freeport,* 486 A.2d 137, 140 (Me.1985). The burden of showing sufficient grounds for granting the motion is placed on the party seeking the continuance. *Christensen–Towne,* 2002 ME 121, ¶ 8, 802 A.2d at 1012.

[¶ 5] Pursuant to M.R. Civ. P. 40(b),

[a] motion for continuance of an action shall be made not less than 4 days before the date set for commencement of trial in the action; but if the cause or ground of the motion is not then known, the motion may be made as soon as practicable after the cause or ground becomes known.[2]

[¶ 6] The prompt resolution of pending disputes is key to an effective system of justice. Accordingly, if the motion for continuance is based on the unavailability of a witness,

[t]he court need not entertain any motion for a continuance based on the absence of a material witness unless supported by an affidavit which shall state the name of the witness, and, if known, that witness' residence, a statement of that witness' expected testimony and the basis of such expectation, and the efforts which have been made to procure that witness' attendance or deposition.

M.R. Civ. P. 40(c).[3]

[¶ 7] In the present matter, the court did not exceed the bounds of its discretion in denying American's motion for continuance. There is no dispute that the corpo-

---

1. Fox Island's counsel also informed the court that he had received a letter from American's corporate clerk after the clerk was served with the complaint, and the clerk subsequently failed to return counsel's phone call.

2. Rule 40 has recently been amended. Effective January 1, 2006, the revised text of M.R. Civ. P. 40(b) is now located in section (c) and reads:

   (c) Continuances. A motion for a continuance order shall be made immediately after the cause or ground becomes known. The motion must specify (1) the cause or ground for the request, (2) when the cause or

ground for the request became known, and (3) whether the motion is opposed. If the position of the other party or parties cannot be ascertained, notwithstanding reasonable efforts, that shall be explained. Telephonic or other oral notice of the motion shall be given immediately to all other parties. The fact that a motion is unopposed does not assure that the requested relief will be granted. Continuances should only be granted for substantial reasons.

3. In the recent amendment to Rule 40, effective January 1, 2006, the text of former M.R. Civ. P. 40(c) remains the same, but is now located in section (d).

rate clerk was properly served with the complaint. The default had been outstanding for four months when the parties received notice of the hearing on damages. American had thirty days to prepare for that hearing. Although American argued that a continuance was warranted because its witnesses were unavailable to testify, it did not file any affidavits, nor did it specify the names of unavailable witnesses or what the witnesses would testify to before the court ruled on the motion. Moreover, American was afforded the opportunity to present testimony and cross-examine Fox Island's witnesses on the date of hearing.

[¶ 8] American's lack of preparation for the hearing does not support its need for a continuance, and American has failed to demonstrate that the court exceeded the bounds of its discretion in denying its motion.

The entry is:

Judgment affirmed.