2000 ME 149

**Patrick T. PROVENZANO**

v.

**Herman J. DELOGE.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 27, 2000.

Decided July 27, 2000.

Richard D. Violette Jr., Brewer, for plaintiff.

Joseph M. Baldacci, Bangor, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

CLIFFORD, J.

[¶ 1] Herman J. Deloge appeals from a judgment entered in the Superior Court (Penobscot County, *Kravchuk, J.*) in favor of Patrick T. Provenzano in which the court, pursuant to a jury verdict, ordered that Deloge pay Provenzano $21,842.73 in compensatory damages for assault. On appeal, Deloge argues (1) that the trial court erred in denying his motion for a continuance; (2) that the trial court erred in determining that liability had been conclusively established in a prior proceeding; and (3) that there was insufficient evidence to support a finding that Deloge assaulted Provenzano. Finding no error, we affirm the judgment.

[¶ 2] In May of 1996, the parties were involved in an altercation outside of a bar in East Millinocket. In August of 1996, Deloge was convicted of assault (Class D) for his part in the altercation. *See* 17–A M.R.S.A. § 207 (1983). He was sentenced to 30 days in jail and ordered to pay a $500 fine.

[¶ 3] In July of 1997, Provenzano filed a complaint against Deloge in the Superior Court seeking compensatory and punitive damages resulting from Deloge's alleged assault in 1996. Deloge was initially represented in that proceeding by an attorney. In April of 1998, however, his attorney petitioned the court for leave to withdraw. In July of 1998, the court (*Studstrup, J.*) granted the motion and gave Deloge 20 days to secure new counsel. By letter dated July 25, 1998, Deloge represented to the court that he had obtained an attorney, but no attorney ever filed an appearance on his behalf.

[¶ 4] The case was placed on the trial list for August of 1998 but was not reached during that trial session. The case was then placed on the February 1999 trial list and, after a pretrial conference, the case was set for trial on February 8, 1999. On February 8, however, Provenzano notified the court that Deloge had filed for bankruptcy protection in the United States Bankruptcy Court, District of Maine and that the state court proceedings were stayed pending a determination by that court that Provenzano's claim against Deloge was not dischargeable in bankruptcy.

[¶ 5] Provenzano filed a complaint in the Bankruptcy Court, pursuant to 11 U.S.C.A. § 523(a)(6) (1993), seeking a determination that any debt arising from Deloge's assault was not dischargeable in bankruptcy.[1] Provenzano subsequently filed a motion for summary judgment alleging that Deloge "intentionally and knowingly assaulted" him by kicking him, knocking him down, and stomping on his right ankle. Provenzano also alleged that Deloge had no justification for his actions and that he was not acting in self-defense. Finally Provenzano pointed out that, following a bench trial, Deloge had been convicted in the District Court of criminal assault for his actions. In support of his motion, Provenzano included a copy of the criminal complaint, a copy of the judgment and commitment from the criminal trial, and his own affidavit. Deloge failed to respond to the motion.

[¶ 6] The Bankruptcy Court granted Provenzano's motion for a summary judgment, holding that Provenzano's un-

---

1. Title 11, section 523 provides:
   A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—

   . . . .
   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
   11 U.S.C.A. § 523(a)(6) (1993).

controverted statement of material facts established that Deloge had assaulted Provenzano and that the assault was willful and malicious "within the meaning of 11 U.S.C. § 523(a)(6)." Accordingly, the court held that the debt was not dischargeable in bankruptcy. Deloge did not appeal the decision.

[¶ 7] After the Bankruptcy Court issued its ruling, the stay was no longer in effect and the within action resumed. The case was placed on the trial list for November of 1999, and a pretrial conference was held on October 15, 1999. At the conference, Deloge suggested that he was in the process of obtaining counsel. Provenzano informed the court of his intention to file a motion in limine to limit the issues at trial to those regarding damages only, and the court (*Kravchuk, J.*) ordered that the motion be filed by November 1 and gave Deloge 5 days to respond to the motion.[2]

[¶ 8] Provenzano filed the motion in limine on October 19, contending that the doctrine of res judicata barred Deloge from relitigating the issue of liability. Deloge did not respond to the motion within the time prescribed by the court. He did send the court a letter on November 1 purporting to explain his "side of the case," but that letter contained no legal argument and merely recited the facts Deloge wished to prove at trial.

[¶ 9] On the day of trial, Deloge requested a two month continuance, so he could raise enough money to secure an attorney. The court, noting that Deloge had stated that he would secure the services of an attorney prior to trial, denied the motion.

[¶ 10] The court also raised the issue of the motion in limine prior to beginning the trial, announcing that it was granting the motion. Deloge did not object to the ruling. Consequently, the issues at trial were limited to the amount of compensatory damages owed to Provenzano and whether Deloge was also liable for punitive damages. The jury found that Provenzano was entitled to $21,842.73 in compensatory damages but that he had failed to prove by clear and convincing evidence that Deloge had acted with the malice required to sustain an award for punitive damages. Accordingly, the court entered a judgment against Deloge in the amount of $21,-842.73. This appeal followed.

I.

[¶ 11] Deloge contends that the trial court erred in denying his motion for a continuance. We disagree. "A party seeking a continuance has the burden of showing sufficient grounds for granting the motion, and the ruling of the presiding justice is reviewable only for abuse of discretion." *Champagne v. Mid–Maine Med. Ctr.*, 1998 ME 87, ¶ 19, 711 A.2d 842, 848. "[T]he law has long required that the party requesting a continuance make known to the presiding justice *substantial reasons* why the granting of the continuance would serve to further justice." *Farrell v. Theriault*, 464 A.2d 188, 192 (Me.1983); *see also Champagne v. Mid–Maine Med. Ctr.*, 1998 ME 87, ¶ 19, 711 A.2d at 848; *Schneider v. Putnam*, 1998 ME 26, ¶ 4, 705 A.2d 1117, 1118.

[¶ 12] The court acted well within its discretion in denying Deloge's motion to continue the case for two months so he could secure funding to retain an attorney. At the time of trial, November 15, 1999, the case had been pending for almost 2½ years, and Deloge had been without an attorney for almost 1½ years. In fact, when his original counsel withdrew in July of 1998, Deloge informed the court that he had retained new counsel but that he needed time to raise money to pay for his defense. He had 1½ years to raise the money to procure an attorney and failed to do so. Moreover, at trial he stated that he would only be able to afford an attorney

---

**2.** A party has 21 days to file its opposition to a motion "unless another time is set by the court." *See* M.R. Civ. P. 7(c).

after his girlfriend received her income tax refund. Because Deloge had ample time to raise money for an attorney, the court was justified in finding that Deloge had not presented substantial reasons why the continuance would further the cause of justice.

## II.

 [¶ 13] Deloge also contends that the trial court erred in granting Provenzano's motion in limine and in determining that the issue of liability for assault had been conclusively established by the decision of the Bankruptcy Court. We do not reach the merits of Deloge's contentions, however, because he has failed to preserve this argument.

[¶ 14] In the proceedings before the trial court, Deloge failed to respond to Provenzano's motion in limine within the time prescribed by the court. Moreover, he also failed to offer any legal grounds on which the court could base a denial of the

motion. Accordingly, because he did not raise this issue before the trial court, our review is only for obvious error "that works a substantial injustice." *See Commissioner of Human Servs. v. Waldoboro Water Co.*, 1999 ME 36, ¶ 11, 724 A.2d 622, 624; *Reno v. Townsend*, 1997 ME 198, ¶ 5, 704 A.2d 309, 311.

[¶ 15] "A finding of obvious error is a serious one that should be utilized sparingly and must be limited only to extreme circumstances." *Reno v. Townsend*, 1997 ME 198, ¶ 5, 704 A.2d at 311. We find no such circumstances here.[3]

The entry is:

Judgement affirmed.

---

**3.** Because of our disposition of the case, we do not address Deloge's remaining argument

with respect to the sufficiency of the evidence as to liability.