2002 ME 121

**Kathleen CHRISTENSEN–TOWNE**

v.

**Peter DOREY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 27, 2002.

Decided: July 31, 2002.

Kathleen Christensen–Towne, plaintiff pro se, Bridgton.

Robert M. Neault, Naples, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Peter Dorey appeals from the entry of a protection from harassment order against him in the District Court (Bridgton, *Eggert, J.*) contending that, because he received notice only fifty-five minutes before the hearing, the court: lacked personal jurisdiction over him, abused its discretion in denying his telephonic request for a continuance, and violated his due process rights. Dorey also contends that the court erred in issuing the final order. Although we conclude that the District Court did have jurisdiction over Dorey, because the court exceeded the bounds of its discretion in denying his request that

1. Dorey does not suggest that the error in the year stated in the order was prejudicial.

2. The statute provides, in pertinent part:
   § 4653. Commencement of proceedings

the case be continued, we vacate and remand for a new hearing.

## I. BACKGROUND

[¶ 2] Christensen–Towne filed a complaint for protection from harassment on December 19, 2001. The court (*Goranites, J.*) entered a temporary protection order on the day the complaint was filed and set a final hearing for "January 3, 2001 @ 9:00 AM." [1] Dorey did not receive service of the summons and protection order until 8:05 on the morning of the hearing. According to Dorey, when he learned of the hearing, he contacted the clerk at the courthouse by telephone to request a continuance because he had just received the notice and was relatively immobile with a broken leg. Dorey did not appear, and the court entered an order for protection from harassment. It treated Dorey's telephonic request as a motion to continue as evidenced by its written order on the first page of its protection order that "[Dorey's] request to continue was denied." On January 21, 2002, the police officer's return of service was filed along with a "protection order data collection sheet" containing personal information about Dorey, including a corrected address.

## II. DISCUSSION

### A. Personal Jurisdiction

■ [¶ 3] Dorey contends that the court lacked personal jurisdiction over him because it failed to obtain his presence through sufficient process.

[¶ 4] The protection from harassment statute makes special provision for the commencement of a proceeding by filing an ex parte petition alleging harassment. 5 M.R.S.A. § 4653 (2002).[2] The statute

1. **Filing.** Any person who has been a victim of harassment ... may seek relief by filing a sworn petition in an appropriate court alleging that harassment. 5 M.R.S.A. § 4653(1).

requires personal service of the temporary order, the petition, and the summons. *Id.* § 4654(5) (2002).[3] The statute does not require service within a prescribed time period, but requires a full hearing "[w]ithin 21 days of the filing of a petition." *Id.* § 4654(1) (2002).[4] The Rules of Civil Procedure provide for the return of service:

> **Return of Service.** The person serving the process shall make proof of service thereof on the original process or a paper attached thereto for that purpose, and shall forthwith return it to the plaintiff's attorney. The plaintiff's attorney shall, within the time during which the person served must respond to the process, file the proof of service with the court.

M.R. Civ. P. 4(h). Nonetheless, "[i]t is the service of the summons, and not the proof of service, that gives jurisdiction." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 4.15 (2d ed.1970).

[¶ 5] Although not provided with proof of service by the day of the hearing, the court was aware from Dorey's telephone call that he had received service. The proof of service filed with the court after the hearing confirms that Dorey was served before the hearing took place. The court had personal jurisdiction of Dorey.

**B. Request for a Continuance**

■ [¶ 6] Dorey contends that the court exceeded the bounds of its discretion in denying his request for a continuance. He contends that he presented sufficient grounds for the court to grant his motion and that the court's exercise of discretion was prejudicial.

[¶ 7] The Rules of Civil Procedure apply to protection from harassment claims unless they are inconsistent with the statute. 5 M.R.S.A. § 4658(1) (2002). The Rules provide:

> A motion for continuance of an action shall be made not less than 4 days before the date set for commencement of trial in the action; but if the cause or ground of the motion is not then known, the motion may be made as soon as practicable after the cause or ground becomes known.

M.R. Civ. P. 40(b). "An application to the court for an order shall be by motion which, unless made during a hearing or trial or under Rule 26(g) ["Discovery Motions"], shall be made in writing . . . ." M.R. Civ. P. 7(b)(1).

■ [¶ 8] "A party seeking a continuance has the burden of showing sufficient grounds for granting the motion, and the ruling of the presiding justice is reviewable only for abuse of discretion." *Provenzano v. Deloge,* 2000 ME 149, ¶ 11, 755 A.2d 549, 551 (internal quotation marks omitted). The party requesting the continuance must establish a substantial reason why granting the continuance would further justice. *Id.* Even in the absence of a formal motion for a continuance, "the same discretionary principles should apply to a refusal to delay a proceeding." *State v. Greenwald,* 454 A.2d 827, 829 (Me.1982) (trial court refused to delay proceedings so defendant could locate a witness).

[¶ 9] We recognize that a telephone call to the clerk's office is not effective to file a motion for a continuance pursuant to the Maine Rules of Civil Procedure. *See* M.R. Civ. P. 7(b)(1). Nonetheless, in the specif-

---

**3.** The statute provides, in relevant part: "**5. Service of order.** If the court issues a temporary order . . . the court shall order a law enforcement agency . . . to serve the defendant personally with the order, the petition and the summons." 5 M.R.S.A. § 4654(5).

**4.** The statute provides: "**1. Full hearing.** Within 21 days of the filing of a petition, a hearing shall be held at which the plaintiff shall prove the allegation of harassment by a preponderance of the evidence." 5 M.R.S.A. § 4654(1).

ic circumstances of the present case, the court exceeded the bounds of its discretion in denying Dorey's request that the hearing be continued because, having been served only fifty-five minutes before the hearing, Dorey did not receive notice of the petition, the temporary order, and the date of the full hearing in time to develop any defense, or even in time to file a proper motion for a continuance. *Cf. Concord Gen. Mut. Ins. Co. v. Labbe,* 401 A.2d 1005, 1007 (Me.1979) (holding court abused its discretion in denying continuance when letter announcing hearing was ambiguous and failed to "give notice of the true nature of the scheduled hearing"). We do not reach Dorey's other contentions.

The entry is:

Judgment vacated and remanded for a new hearing.