2005 ME 122

**Sue Ellen SHAW**

v.

**Richard PACKARD.**

Supreme Judicial Court of Maine.

Argued: Oct. 20, 2005.

Decided: Dec. 13, 2005.

David E. Bernier, Esq. (orally), Marden, Dubord, Bernier & Stevens, Waterville, for plaintiff.

David M. Sanders, Esq. (orally), Livermore Falls, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

Majority: SAUFLEY, C.J., and CLIFFORD, DANA, LEVY, and SILVER, JJ.

Dissenting: ALEXANDER, and CALKINS, JJ.

LEVY, J.

[¶ 1] Richard Packard appeals from a judgment of the District Court (Skowhegan, *MacMichael, J.*) granting his ex-wife, Sue Ellen Shaw, a protection from abuse order. Packard raises several issues on appeal, including that the court erred as a matter of law when it concluded that 19–A M.R.S.A. § 4006(1) (1998) prohibits the continuance of a final hearing beyond twenty-one days without the consent of both parties. We agree with Packard's contention regarding section 4006(1), vacate the order, and remand the case for further hearing.

## I. BACKGROUND

[¶ 2] On February 18, 2005, at approximately 2:30 P.M., Shaw arrived at Packard's residence to pick up their son, then age sixteen. Packard was expecting Shaw to pick up their son for a weekend visit, but she normally did so later in the afternoon. Shaw testified that the son had called her earlier in the day and asked her to pick him up early.

[¶ 3] Shaw arrived at Packard's home accompanied by her and Packard's adult daughter. They waited in Shaw's car in the driveway. Packard arrived sometime after 2:30 P.M., and the parties spoke briefly without incident. When Packard entered the home, he found the son packing all of his things, intending to move in with his mother. Packard and the son

began to argue over his intention to move in with Shaw.

[¶ 4] At some point, the daughter left Shaw in the car and entered the home. Shaw testified that she could hear sounds of yelling and breaking glass from inside the house. According to Shaw, the daughter came back out of the house and told Shaw to call the police because Packard and the son were physically fighting. Shaw called 9–1–1 and reported the situation. After waiting ten minutes, Shaw again called 9–1–1 and, after hearing shouting and things breaking inside the house, got out of her car and proceeded toward the house.

[¶ 5] Packard exited the house, and found Shaw on the deck. The parties dispute what happened next, but agree that Packard grabbed Shaw when she refused to leave, forcibly removed her from the deck, and put her in her car. Shaw testified that Packard pushed her down the stairs, hit her on her neck and head, and pushed her into her car. Packard disputes these claims. The parties agree that their daughter witnessed the entire altercation.

[¶ 6] On February 25, 2005, Shaw filed a protection from abuse complaint against Packard.[1] The court issued a temporary protection from abuse order and scheduled a hearing for March 9, 2005, pursuant to 19–A M.R.S.A. § 4006 (1998 & Supp.2004). Packard retained counsel and filed a written motion on March 8, 2005, to dissolve the temporary order, or in the alternative, for a continuance of the final hearing, stating that the need for a continuance was based on the daughter's unavailability as a witness due to her hospitalization, and that she had "observed the entire incident which is the basis for Plaintiff's complaint." On March 9, the court denied

---

1. Shaw also filed a protection from abuse complaint on behalf of the son. The court found no abuse as to the son based on 17–A M.R.S.A. § 106 (1983 & Supp.2004), which allows a parent to use minor force to discipline a child.

Packard's request for a continuance based on its reading of section 4006(1), which states that "[w]ithin 21 days of the filing of a complaint, a hearing must be held at which the plaintiff must prove the allegation of abuse ...." After Packard made known the basis for the requested continuance, the court responded that "the statute requires a hearing within twenty-one days ... and it uses the word 'must' .... And I believe, unless the parties agree to a continuance, that that pretty much ties my hands."

[¶ 7] The court conducted a full hearing, which included testimony by both parties and their son. Over Packard's hearsay objection, the court permitted Shaw to testify that the daughter came out of the house and told her to call the police because Packard and the son were physically fighting inside the house. The court found that Packard had abused Shaw and issued a two-year permanent order prohibiting abuse, granting primary residence of the son to Shaw, and prohibiting Packard from possessing firearms. Packard subsequently filed this appeal.

## II. DISCUSSION

■ [¶ 8] The questions presented are (A) whether section 4006(1)'s requirement that a final hearing "must be held" within twenty-one days of the filing of a protection from abuse complaint deprives the court of the discretion to continue the hearing beyond the twenty-one-day period unless both parties consent to the continuance; and (B) if not, whether the court's failure to exercise its discretion in this case was harmless. We review questions of statutory interpretation de novo. *Landis v. Hannaford Bros. Co.*, 2000 ME 111, ¶ 9, 754 A.2d 958, 960.

### A. The Scope of the Court's Discretion to Grant a Continuance in a Protection From Abuse Case

■ [¶ 9] Section 4006(1) states that a hearing "must be held" within twenty-one days of the filing of the complaint. Other provisions of the protection from abuse statute suggest that a final hearing might be continued over a party's objection and completed beyond the twenty-one-day limit. Section 4006(8) specifically contemplates the granting of a continuance by authorizing the court to "extend temporary orders it considers necessary." 19–A M.R.S.A. § 4006(8) (1998). Additionally, section 4010(1) provides that proceedings under the protection from abuse statute are subject to the Maine Rules of Civil Procedure, unless otherwise indicated. 19–A M.R.S.A. § 4010(1) (1998). Rule 40(b) recognizes the court's authority to order the continuance of a scheduled court event. M.R. Civ. P. 40(b).

[¶ 10] Our interpretation of nearly identical provisions in the protection from harassment statute provides guidance regarding the proper interpretation of sections 4006 and 4010(1). In *Christensen–Towne v. Dorey*, we interpreted the mandatory twenty-one-day hearing provision in 5 M.R.S.A. § 4654 (2002)[2] as being subject to the court's authority to grant continuances pursuant to M.R. Civ. P. 40(b) because of 5 M.R.S.A. § 4658(1) (2002), which, like 19–A M.R.S.A. § 4010(1), provides that the Maine Rules of Civil Procedure apply to protection from harassment proceedings unless otherwise indicated. 2002 ME 121, ¶¶ 7–8, 802 A.2d 1010, 1012. We recognized that a final protection from harassment hearing may be continued if

2. Title 5 M.R.S.A. § 4654 was amended in 2003 to eliminate the twenty-one-day requirement, P.L.2003, ch. 658, § 4 (effective July 30, 2004), and now simply states that "[a] hearing must be held," 5 M.R.S.A. § 4654 (Supp.2004).

the moving party demonstrates substantial reasons why the continuance would further justice. *Id.* ¶ 8, 802 A.2d at 1012. *See also Provenzano v. Deloge,* 2000 ME 149, ¶ 11, 755 A.2d 549, 551.

[¶ 11] Neither the text of the protection from abuse statute nor its overall design provide a reason to depart from the approach taken in *Christensen–Towne* and to conclude that the Legislature intended to deprive courts of their traditional discretion to grant a continuance of a final hearing, when justice so requires, over the objection of one of the parties. Section 4006's twenty-one-day hearing requirement assures that defendants, who can be subjected to substantial restraints on their personal liberty pending the final hearing by a temporary, ex parte protection order, will have the opportunity for a final hearing on an expedited basis. If substantial reasons presented by either party support the granting of a continuance, the statute allows the court to maintain the status quo by extending the effectiveness of the temporary protection order.

[¶ 12] Accordingly, we conclude that the court erred as a matter of law when it determined that it lacked the discretion to grant a continuance of the final hearing beyond the twenty-one-day limit absent the consent of the plaintiff.[3]

B. Harmless Error Analysis

[¶ 13] We next consider whether the court's error was harmless. Any alleged error of the trial court that does not affect the substantial rights of a party is harmless and therefore must be disregarded. *See Farrell v. Theriault,* 464 A.2d 188, 192 (Me.1983); M.R. Civ. P. 61.

[¶ 14] In his motion for a continuance, Packard noted that the parties' daughter had witnessed the incident between Shaw and Packard, and that she was not available to appear at the trial, having been admitted to a hospital. During the hearing, Shaw testified that the daughter came out of the house and told her to call the police because Packard and the son were physically fighting inside. Packard objected to the testimony as hearsay, but the court overruled the objection, treating the testimony as an excited utterance exception to the hearsay rule. *See* M.R. Evid. 803(2). Shaw's testimony regarding the daughter's statement was clearly disadvantageous to Packard because it supported Shaw's explanation of her reason for approaching the entrance to Packard's house and her characterization of the physical altercation that ensued. Packard was deprived of the opportunity to challenge the accuracy of Shaw's characterization of what the daughter had witnessed, however, because of the court's denial of the motion to continue and the daughter's unavailability on the day of the hearing. We cannot conclude that the trial court's denial of the motion to continue did not harm Packard's substantial rights.

---

3. The dissenting opinion suggests that the court acted within the scope of its discretion in denying the requested continuance because Packard sought both a dissolution of the temporary order of protection from abuse and a continuance of the final hearing. It fails to explain why the combination of a request to dissolve a temporary order and to continue the final hearing in a single motion justifies the denial of an otherwise meritorious request to continue a final hearing. If the court had granted the motion to continue the final hearing, it would have had the authority to deny the motion to dissolve the temporary order and to continue the temporary order in effect. *See* 19–A M.R.S.A. § 4006(8) (1998). Moreover, the dissenting opinion fails to account for the fact that the court denied the requested continuance because it believed that it lacked the discretion to grant the continuance, and not, as the dissent suggests, as a product of the exercise of its judicial discretion. *See State v. Mason,* 408 A.2d 1269, 1272–73 (Me.1979) (concluding trial court's failure to exercise judicial discretion based on misconception of law was error).

[¶ 15] We vacate the judgment and remand the case for further hearing to permit Packard the opportunity to attempt to secure the testimony of the parties' daughter. Pursuant to section 4006(8), the original temporary protection from abuse order issued by the District Court remains in effect pending the outcome of this hearing. Packard's remaining contentions on appeal are without merit and do not warrant further discussion.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

ALEXANDER, J., with whom CALKINS, J., joins dissenting.

[¶ 16] I concur in the Court's conclusion that the mandate in 19–A M.R.S.A. § 4006(1) (1998) that hearings be held within twenty-one days does not preclude a court from exercising its discretion to grant a continuance of the final hearing on a protection from abuse complaint beyond the twenty-one-day limit. However, in my view, the court's decision to deny Packard's continuance request was within the range of the court's discretion, considering Packard's decision to seek both a dissolution of the temporary order of protection from abuse and a continuance of the hearing to make that order a final order. Accordingly, I respectfully dissent from the result reached by the Court.

[¶ 17] There is a strong public policy favoring a prompt hearing for individuals claiming domestic violence and seeking protection from an alleged abuser. There is a statutory mandate that individuals seeking to dissolve ex parte temporary protection orders receive a prompt hearing. There is a court scheduling practice that disfavors continuances when the party seeking a continuance makes no offer of proof as to what specific evidence might be gained from a continuance and demonstrates no specific prejudice that might befall the party or the process by denial of the continuance. All these policies supported denial of the continuance here and made any error in the court's wording of the denial harmless.

[¶ 18] The record indicates that after the temporary protection from abuse order issued and a hearing on the final protection from abuse order was scheduled, Packard, on the day before the scheduled hearing, filed a motion seeking to both dissolve the temporary order and continue the hearing on the final order for protection from abuse. At the hearing, Packard offered only a brief argument in support of his motion to continue, stating to the court that: "There's a mature[4] witness who's not available, your Honor." The statement—and the underlying motion to continue—contained no offer of proof of the unavailable witness's anticipated testimony or any indication of specific prejudice that Packard would face by proceeding to hearing.

[¶ 19] Shaw only learned of the motion at the start of the scheduled hearing. In response to the court's inquiry, Shaw indicated that she wanted the hearing to be held that day. Hearing Packard's argument, followed by Shaw's objection to Packard's motion, the court denied the continuance request and proceeded to conduct the scheduled hearing.

[¶ 20] Packard's motion to dissolve had triggered the court's obligation, pursuant to 19–A M.R.S.A. § 4006(7) (1998), to schedule a hearing on Packard's request for dissolution "upon 2 days' notice to the

---

4. Mature is the word that appears in the transcript. The actual word used may have been something like "essential" or "important."

plaintiff or upon such shorter notice as the court may order ...." The court's statement denying the continuance may have combined its obligation to conduct a prompt hearing on the motion to dissolve with the twenty-one-day hearing requirement for final hearings. By giving Packard a hearing on one day's notice after the filing of his motion to dissolve, the court granted Packard one of the wishes expressed in his motion and, at the same time, complied with the statutory mandate that a motion for dissolution triggers a right to a prompt hearing. Faced with the statutory mandate to accord a prompt hearing on the motion to dissolve, and offered only a brief and general statement in support of the motion to continue, the court's decision to proceed with the hearing as scheduled and meet its statutory obligation was neither an abuse of discretion nor an error of law.

[¶ 21] At oral argument before us, counsel for Packard suggested that the trial court has a general practice of denying continuances because of the twenty-one-day hearing mandate in 19–A M.R.S.A. § 4006(1). Nothing about such other cases appears in the record, thus nothing indicates whether the court in any other cases was faced with both a motion to dissolve, mandating a prompt hearing, and a motion to continue. Only this case is before us for decision, and on the facts of this case, with no offer of proof of anticipated testimony and no demonstration of specific prejudice from proceeding to hearing, the trial court did not err or abuse its discretion in denying the continuance. Accordingly, I would affirm the judgment of the court.