2009 ME 31

**Amy Melissa HAYES**

v.

**James R. HAYES.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 26, 2009.
Decided: March 24, 2009.

Matthew J. Foster, Esq., Law Offices of Matthew J. Foster, P.C., Ellsworth, ME, for James R. Hayes.

Amy Melissa Hayes did not file a brief.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

PER CURIAM.

[¶ 1] James R. Hayes appeals from a judgment of the District Court (Presque Isle, *O'Mara, J.*) granting Amy Melissa Hayes an order for protection from abuse. He argues that the court erred in denying his motion to continue and in denying his request that the presiding judge recuse himself. Because we agree that the court erred as a matter of law in denying James's motion to continue and we find that this error was not harmless, we vacate the order and remand the case for further hearing before a different judge.

## I. BACKGROUND

[¶ 2] James and Amy Hayes were involved in divorce proceedings when Amy filed on August 25, 2008, a complaint for

protection from abuse against James, alleging that he had "emotionally and physically" abused her throughout their nine-year relationship. The court granted a temporary order for protection that same day and scheduled a hearing for September 11, 2008. On September 8, 2008, James filed a motion to continue the hearing, explaining that his attorney was scheduled to be at another proceeding in another courthouse that same day. In denying the motion, the court noted that the statute governing protection from abuse proceedings requires a hearing to be held within twenty-one days of the filing of the motion.

[¶ 3] A hearing was held on September 11, 2008.[1] James appeared without his attorney. At the start of the hearing, James notified the court that he recognized the presiding judge as the attorney who had represented Amy several years ago in an unrelated matter. Additionally, James stated his concerns that the judge also may have represented Amy's mother in the past. Upon hearing James's concerns, the judge asked Amy if she believed that he previously represented her while working as an attorney, and Amy replied that she did.

[¶ 4] Stating that he did not recall representing Amy or her mother, the judge denied James's motion and assured the parties that his decision would be based on the merits of the case.[2] Following the hearing, the court found that James had abused Amy and issued a two-year protec-tion from abuse order in her favor. James subsequently filed this appeal.

## II. DISCUSSION

[¶ 5] We address first James's contention that the court erred in denying his motion to continue based on a misconception of the requirements of Maine's protection from abuse statute, 19–A M.R.S. § 4006 (2008). Although the statute states that a hearing must be held within twenty-one days of the filing of the complaint, 19–A M.R.S. § 4006(1), it also states: "If a hearing ... is continued, the court may make or extend temporary orders it considers necessary," *id.* § 4006(8). We already have interpreted these two provisions of the statute to give courts discretion to continue a protection from abuse hearing beyond the twenty-one-day limit if necessary. *Shaw v. Packard,* 2005 ME 122, ¶¶ 11–12, 886 A.2d 1287, 1290.

[¶ 6] The defendant in Shaw had requested a motion to continue because a witness to the alleged incident of abuse was unavailable to testify. *Id.* ¶ 14, 886 A.2d at 1290. In denying the motion, the court stated: " 'the statute requires a hearing within twenty-one days ... [a]nd I believe, unless the parties agree to a continuance, that that pretty much ties my hands.' " *Id.* ¶ 6, 886 A.2d at 1289. We stated in *Shaw* that section 4006 does not deprive courts of the traditional discretion, granted to them in M.R. Civ. P. 40(b), to grant a continuance of a final hearing when justice requires. *Id.* ¶¶ 9–12, 886

1. A transcript of the hearing was not available for our review because the hearing was not recorded. However, James filed a statement of the evidence or proceedings with the court pursuant to M.R.App. P. 5(d). The court then filed with this Court a substantially revised statement to serve as the approved record of the proceedings. James contends that the court's statement should be excluded because it does not comply with M.R.App. P. 5(d).

Because we vacate the judgment based on pre-hearing motions and remand the case to the District Court for hearing, we do not address this issue.

2. The statements of evidence submitted by James and the court do not conflict as to the facts about the discussion between the court and the parties about the judge's potential conflict of interest.

A.2d at 1289–90. Thus, we concluded, as we do here, that the court misinterpreted the statute, and therefore erred as a matter of law in denying the motion to continue based on the misconception that it lacked discretion to do otherwise. *Id.* ¶ 12, 886 A.2d at 1290.

[¶ 7] The next step of our analysis requires us to consider whether the court's error was harmless. *See id.* ¶ 13, 886 A.2d at 1290 ("Any alleged error of the trial court that does not affect the substantial rights of a party is harmless and therefore must be disregarded."). An attorney's scheduling conflict does not automatically entitle a party to a right to a continuance; that decision is dependent upon the facts and circumstances of each case. *See Magno v. Town of Freeport,* 486 A.2d 137, 140 (Me.1985).

[¶ 8] Here, the court's error resulted in James representing himself at a hearing before a judge whose impartiality he questioned. Although the judge did not recall representing Amy or her mother as an attorney, both James and Amy stated their belief that the judge, in fact, had represented Amy in the past. James's concerns, as indicated to the court at the start of the hearing, were reasonable; therefore, the judge should have disqualified himself. *See* M.Code Jud. Conduct 3(E)(2).

[¶ 9] It is impossible to know whether the judge's decision about whether to disqualify himself would have been different if James was represented by counsel at the hearing. However, under the particular facts and circumstances of this case, the court's denial of the motion to continue based on a misinterpretation of section 4006 was not harmless error. We cannot conclude that the decision to proceed with the hearing on September 11, 2008, did not harm James's substantial rights. *See In re Kristy Y.,* 2000 ME 98, ¶ 7, 752 A.2d 166, 169 (stating that due process requires, among other things, an impartial fact-finder at a hearing where a party's significant rights are at stake).

[¶ 10] Therefore, we vacate the judgment and remand this matter to the District Court for a hearing before a judge whose impartiality is not reasonably questioned. We do not reach James's remaining contention that the evidence in the record was insufficient to support the court's finding of abuse.

The entry is:

Judgment vacated and remanded to the District Court for further proceedings consistent with this opinion.