MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 48
Docket:        And-14-235
Submitted
 On Briefs:  February 26, 2015
Decided:       May 5, 2015

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

HUDA D. DAUD

v.

BADAL H. ABDULLAHI

HJELM, J.

[¶1]  Badal H. Abdullahi appeals from a protection from abuse order entered by the District Court (Lewiston, *Carlson, J.*) limiting his contact with Huda D. Daud and their two minor children.  Abdullahi argues that the court erred by denying his motion to continue the hearing, which he made orally at the hearing after the attorney he reportedly retained did not appear.  Because the trial court acted within its discretion when it denied the motion, we affirm the judgment.

## I.  BACKGROUND

[¶2]  On April 24, 2014, Daud filed a complaint seeking a protection order against Abdullahi for herself and their two children.  The court (*Lawrence, J.*) issued a temporary order that day, *see* 19-A M.R.S. § 4006(5) (2014), and

scheduled a hearing for May 9, 2014. Abdullahi was served with the complaint and the temporary order, which contained notice of the hearing, on May 1, 2014.

[¶3] Both Daud and Abdullahi attended the hearing, and Daud was represented by counsel. At the beginning of the hearing, Abdullahi requested a continuance because his attorney was not present. *See* M.R. Civ. P. 40. He explained that he had talked to an attorney two days earlier and expected the attorney to meet him at the courthouse for the hearing. Daud objected to the continuance, arguing that Abdullahi was served with the complaint eight days before the hearing and had sufficient time to secure counsel. The court (*Carlson, J.*) denied the continuance, noting that no attorney had entered an appearance on behalf of Abdullahi.

[¶4] Following the hearing, the court found that Abdullahi had abused Daud and that some of the abusive conduct had occurred in the presence of their children. Based on those findings, it issued a protection order for the benefit of Daud and the children and granted Daud temporary custody. Abdullahi was prohibited from having contact with the children until he showed proof of counseling, which would then entitle him to have supervised contact with the children. Abdullahi filed a timely appeal.

## II. DISCUSSION

[¶5]  Abdullahi argues that the court erred in denying his motion for a continuance.  In reviewing a trial court's decision to deny a motion for a continuance, we "look first at the reasons contemporaneously presented in support of the request for the continuance," *United States v. Saccoccia*, 58 F.3d 754, 770 (1st Cir. 1995), because the party seeking a continuance has the burden of establishing "a substantial reason why granting the continuance would further justice," *Christensen-Towne v. Dorey*, 2002 ME 121, ¶ 8, 802 A.2d 1010.  "The court's decision to deny a motion to continue is committed to the discretion of the trial judge and is reviewed on appeal only for an abuse of discretion." *In re Trever I.*, 2009 ME 59, ¶ 28, 973 A.2d 752.

[¶6]  Here, the court did not err in concluding that Abdullahi had not established a substantial reason for a continuance.  No attorney had entered an appearance on Abdullahi's behalf, and the court was entitled to infer from that fact that whatever contact Abdullahi may have had with an attorney did not rise to the level of formal representation.  Abdullahi's failure to retain an attorney when he had eight days to do so is not a substantial reason that would compel the court to grant a continuance.  *See Provenzano v. Deloge*, 2000 ME 149, ¶ 12, 755 A.2d 549 (holding that the court did not abuse its discretion in denying a motion to continue made by a litigant who needed more time to secure funds to hire an attorney);

4

M.R. Civ. P. 40 Advisory Committee's Note to 2006 amend. (listing examples of substantial reasons for a continuance).

[¶7] Even though the court did not abuse its discretion when it concluded that Abdullahi had not established a substantial reason for a continuance, our analysis does not end there. "[T]he trial court's discretion must be exercised judiciously and with an eye toward fundamental fairness," such that the denial of a motion for a continuance does not have an "adverse prejudicial effect on the movant's substantial rights." *State v. Dube*, 2014 ME 43, ¶ 13, 87 A.3d 1219 (quotation marks omitted). Abdullahi argues that he was unfairly prejudiced because his fundamental rights as a parent at issue in the hearing outweighed any prejudice that Daud would suffer if the hearing were to be continued.[1]

[¶8] Abdullahi correctly points out that if the court had continued the hearing, the temporary protection order would have remained in effect, thereby protecting Daud and the children until a later hearing could be held. *See* 19-A M.R.S. § 4006(2) (2014). Even if Daud would not have been prejudiced by a continuance, however, the issue presented to the trial court was whether the denial of the requested continuance would be prejudicial to Abdullahi. Abdullahi had sufficient time to secure representation and prepare for the hearing, which he

---

[1] Daud has not identified any prejudice to her interests or those of her children that would have resulted from a continuance.

did by obtaining evidence from the police department, finding potential witnesses, and speaking to an attorney. Under those circumstances, the court did not err in concluding that Abdullahi would not be prejudiced by the denial of his motion.[2] *See Pelletier v. Pelletier*, 597 A.2d 60, 61 (Me. 1991) (holding that the court did not abuse its discretion in denying a motion for continuance where the moving party "had sufficient notice" of the hearing); *cf. Christensen-Towne*, 2002 ME 121, ¶ 9, 802 A.2d 1010 (holding that the trial court abused its discretion in denying a motion for a continuance when the defendant was notified about the hearing less than an hour before it began).

[¶9] Abdullahi also contends that the court's denial of his motion resulted in unfair prejudice because his custody and contact rights were at stake in the proceeding. The due process clauses of the Maine and United States Constitutions protect Abdullahi's "fundamental liberty interest to make decisions concerning the

---

[2] To the extent that Abdullahi argues that he was denied due process and a meaningful opportunity to be heard during the hearing because he was unrepresented, we note that a defendant in a protection from abuse proceeding does not have a right to counsel, even when his parental rights may be temporarily limited. *See Hatch v. Anderson*, 2010 ME 94, ¶¶ 7-8, 4 A.3d 904 (holding that the defendant did not have a right to representation by counsel at a protection from abuse hearing, even though the court's order limited his visitation rights); *see also Meyer v. Meyer*, 414 A.2d 236, 238 (Me. 1980) (holding that the defendant did not have a right to counsel in a proceeding for termination of his visitation rights). The challenges that Abdullahi faced at the hearing, therefore, were similar to those faced by any unrepresented defendant. Because Abdullahi had sufficient time to prepare for the hearing, the court did not violate his procedural due process rights by proceeding with the hearing when he did not have counsel.

Further, although Abdullahi states in his brief that during the hearing he sometimes had difficulty understanding what was being said, the audio recording of the hearing clearly demonstrates that he was substantially fluent in English and that language was not a barrier. Consequently, we need not reach the question whether the denial of the motion for a continuance would have denied Abdullahi due process if he could not understand or effectively communicate in English.

care, custody, and control of [his] children," *Rideout v. Riendeau*, 2000 ME 198, ¶ 18, 761 A.2d 291 (quotation marks omitted), and the court's ultimate order interfered with that right by limiting Abdullahi's contact with his children, *see Sparks v. Sparks*, 2013 ME 41, ¶ 20, 65 A.3d 1223. Abdullahi does not advance any argument, however, regarding the constitutionality of the court's protection from abuse order. Thus, our inquiry is limited to whether the court's denial of Abdullahi's motion for a continuance was fundamentally unfair given that his rights as a parent would be placed in issue during the hearing. *See Dube*, 2014 ME 43, ¶ 13, 87 A.3d 1219.

[¶10] In order to determine whether the denial of a motion to continue a hearing would be "fundamentally unfair," a court may, and in many instances should, take into account the nature of the proceeding and the rights at stake before ruling on such a motion. Here, however, the court was not required to grant Abdullahi's motion to continue solely because Abdullahi's parental rights might have been restricted as a result of the hearing.

[¶11] The protection from abuse statute was designed to help victims of domestic violence "obtain expeditious and effective protection against further abuse," 19-A M.R.S. § 4001(2) (2014); *see also* 19-A M.R.S. § 4006(1) (2014) (providing that a full hearing must be held within twenty-one days of the filing of a complaint for protection from abuse), and it is not a substitute for a plenary

proceeding to determine parental rights and responsibilities pursuant to 19-A M.R.S. § 1653 (2014). *See Copp v. Liberty*, 2008 ME 97, ¶ 15, 952 A.2d 976 (Levy, J., concurring). Accordingly, the protection order issued against Abdullahi could result only in a temporary limitation of his custody and contact rights. *See* 19-A M.R.S. § 4007(1)(G) (2014) (providing that a protection from abuse order may grant "some or all *temporary* parental rights and responsibilities with regard to minor children" and "*temporary* rights of contact with regard to minor children") (emphasis added). Indeed, the trial court noted that Abdullahi had already filed a complaint for a determination of parental rights and responsibilities.

[¶12] We do not minimize the importance of Abdullahi's right to parent. That right, however, is not absolute. *See Rideout*, 2000 ME 198, ¶ 19, 761 A.2d 291. The court here was entitled to weigh the prospective effect of a protection from abuse order on Abdullahi's parenting rights against the legislative directive that courts provide expedited proceedings in protection from abuse cases, *see* 19-A M.R.S. § 4001(2), and the availability of an additional opportunity for Abdullahi to be heard and represented by counsel in a plenary proceeding pursuant to section 1653. The court therefore did not abuse its discretion in denying Abdullahi's motion for a continuance.

The entry is:

Judgment affirmed.

8

---

**On the briefs:**

Christopher R. Causey, Esq., Law Offices of Christopher R. Causey, Portland, for appellant Badal H. Abdullahi

Brittany Sawyer, Stud. Atty., and Deirdre M. Smith, Esq., Cumberland Legal Aid Clinic, Portland, for appellee Huda D. Daud

Lewiston District Court docket number PA-2014-203