MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 140
Docket:      Ken-20-138
Argued:      October 6, 2020
Decided:     December 22, 2020

Panel:       MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

PAT DOE[1]

v.

CHRISTOPHER HILLS-PETTITT

HUMPHREY, J.

[¶1]  Pat Doe appeals from a judgment entered in the District Court (Augusta, *Nale, J.*) dismissing with prejudice a complaint for protection from abuse that she brought on behalf of her three minor children against their father, Christopher Hills-Pettitt.  Doe contends that the court erred or abused its discretion in dismissing her complaint with prejudice instead of granting her oral motion to voluntarily dismiss the complaint without prejudice.  We conclude, contrary to the court's determination, that due process did not

---

[1]  In accordance with the Violence Against Women Act, 18 U.S.C.S. § 2265(d)(3) (LEXIS through Pub. L. No. 116-214), we have employed the pseudonym "Pat Doe" for the plaintiff.  The individual who filed the complaint and initially appeared on behalf of the children died during the course of this appeal, and we granted a request to allow the trial court to order the substitution of a person who is now responsible for the children.  *See* 19-A M.R.S. § 4005(1) (2020); 22 M.R.S. § 4002(9) (2020).  On November 23, 2020, the trial court ordered that substitution, and we employ the pseudonym "Pat Doe" interchangeably to refer to both individuals who have appeared as plaintiffs in this case.

2

require the court to dismiss the matter with prejudice and we therefore vacate the judgment and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

[¶2] On February 19, 2020, pursuant to 19-A M.R.S. §§ 4001-4014 (2020), Doe filed a complaint for protection from abuse on behalf of the children, alleging that Christopher was sexually abusing two of them. The court granted a temporary order for protection from abuse and scheduled a final hearing for March 9, 2020. *See* 19-A M.R.S. § 4006.

[¶3] After the court entered the temporary order and before the final hearing, Christopher was arrested and charged with unlawful sexual contact. *See* 17-A M.R.S. § 255-A (2020). Christopher's bail conditions prohibited contact between Christopher and the children.[2] Both parties and their attorneys attended the March 9 hearing, but Doe did not bring the children whose reports served as the basis of the complaint. At the outset, Doe orally moved to dismiss the complaint without prejudice, citing the need to spare the children the trauma of testifying given that Christopher's bail conditions protected them by prohibiting any contact between him and the children. The

---

[2] Pursuant to M.R. Evid. 201, we take judicial notice of the bail conditions, which prohibit any contact between Christopher and the children. *See, e.g., Guardianship of Jewel M.*, 2010 ME 80, ¶ 24, 2 A.3d 301 (noting that a court may take judicial notice of docket records in other cases).

court responded that it was going to either hold a final hearing that day or dismiss the complaint with prejudice. The court allowed the parties to confer briefly before Doe renewed her oral request. The court denied Doe's motion and entered an order dismissing the case with prejudice.

[¶4] On March 13, 2020, pursuant to M.R. Civ. P. 52(a), Doe moved for further findings of fact and conclusions of law, arguing that the court was required to allow the voluntary dismissal of the complaint without prejudice pursuant to M.R. Civ. P. 41(a)(1), and further requesting that the court find additional facts to support its decision to dismiss the complaint with prejudice. In an order denying that motion, the court stated that Christopher "was entitled to have the matter adjudicated on the day the trial was scheduled. [Doe] did not request a continuance. The court did not intend this dismissal to act as a sanction upon [Doe] but a rendering of due process." Doe timely appealed. *See* 19-A M.R.S. § 104 (2020); M.R. App. P. 2A, 2B(c)(1), (2)(B).

## II. DISCUSSION

A.     M.R. Civ. P. 41(a)(1)—Voluntary Dismissal by Plaintiff

[¶5] Doe argues that the court misapplied M.R. Civ. P. 41(a)(1) when it dismissed her complaint with prejudice. We review the court's interpretation

4

of the Maine Rules of Civil Procedure[3] de novo "and look to the plain language of the rules to determine their meaning." *Kline v. Burdin*, 2017 ME 194, ¶ 7, 170 A.3d 282 (quotation marks omitted).

[¶6] Rule 41(a)(1)[4] provides that a plaintiff may dismiss an action without a court order by filing either a notice of dismissal—if the defendant has not served an answer or a motion for summary judgment[5]—or a stipulation of dismissal signed by all of the parties. "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is *without prejudice*." M.R. Civ. P. 41(a)(1) (emphasis added). Thus, the plain language of the Rule permits a plaintiff to specify whether or not the dismissal is with prejudice. *See e.g., In re Kaleb D.,*

---

[3] Pursuant to 19-A M.R.S. § 4010(1) (2020), the Maine Rules of Civil Procedure apply to all proceedings brought under the chapter governing complaints for protection from abuse. *See also Shaw v. Packard*, 2005 ME 122, ¶ 9, 886 A.2d 1287.

[4] Rule 41(a)(1) was amended in 1989 to allow a plaintiff to dismiss an action voluntarily only before the defendant served an answer or a motion for summary judgment. M.R. Civ. P. 41(a)(1) Advisory Committee's Notes 1989.

[5] Maine's protection from abuse law does not affirmatively require a defendant to file an answer or permit the defendant to file a motion for summary judgment. *See* 19-A M.R.S. §§ 4001-4014 (2020). Similarly, the Judicial Branch's Guide to Protection from Abuse and Harassment Cases notes that the defendant is not required to submit a written response to the plaintiff's complaint. Maine Judicial Branch, Administrative Office of the Courts, *A Guide to Protection from Abuse & Harassment Cases* 10 (June 2018), https://www.courts.maine.gov/help/guides/pa-ph-guide.pdf. Importation of summary judgment practice would entirely defeat the purpose of what is supposed to be a system that allows "victims of domestic abuse to obtain expeditious and effective protection against further abuse so that the lives of the nonabusing family or household members are as secure and uninterrupted as possible." 19-A M.R.S. § 4001(2). We have already noted that Rule 56(a) does not authorize the use of summary judgment process in family law matters, *Higgins v. Wood*, 2018 ME 88, ¶ 8, 189 A.3d 724, and take this opportunity to instruct litigants and the District Court that the process is not authorized in actions for protection from abuse or harassment.

2001 ME 55, ¶ 3 n.4, 769 A.2d 179 ("Because there was no stipulation among the parties indicating otherwise and because the dismissal was silent as to whether it was with or without prejudice, the dismissal in this case did not operate as an adjudication on the merits.").

[¶7]  However, to avail herself of Rule 41(a)(1), a plaintiff must file a *written* notice of the dismissal with the court or a stipulation of dismissal *signed* by all parties. *See* M.R. Civ. P. 41 Advisory Committee's Notes 1989 (stating that the 1989 amendment adopts the language of Federal Rule 41(a)(1)); 8 James W. Moore et al., Moore's Federal Practice § 41.33(4)(a) (3d ed. 2007) (noting that oral notice is insufficient for a plaintiff to voluntarily dismiss an action pursuant to Fed. R. Civ. P. 41(a)(1)).  Here, the defendant did not serve an answer or a motion for summary judgment and Doe orally moved to dismiss her complaint.  Thus, in the absence of a written notice or signed stipulation, Doe could not implement the provisions of Rule 41(a)(1) that allowed her to specify that the dismissal was without prejudice.

B.    M.R. Civ. P. 41(a)(2)—Voluntary Dismissal by Order of the Court

[¶8]  Next, we examine whether the court abused its discretion in dismissing the case with prejudice.  M.R. Civ. P. 41(a)(2) provides that a court may dismiss a case "upon such terms and conditions as the court deems

6

proper," and we have recognized that this language grants a court "discretion to dismiss a case with or without prejudice," *Green Tree Servicing, LLC v. Cope*, 2017 ME 68, ¶ 16, 158 A.3d 931. Thus, unlike Rule 41(a)(1), which allows the plaintiff to decide whether the dismissal is with or without prejudice, Rule 41(a)(2) gives this discretion to the court. We review a court's dismissal with prejudice for an abuse of discretion. *U.S. Bank Nat'l Ass'n v. Curit*, 2016 ME 17, ¶ 10, 131 A.3d 903. In doing so, we evaluate "(1) whether the court's factual findings are supported by the record according to the clear error standard, (2) whether the court understood the law applicable to the exercise of its discretion, and (3) whether the court's weighing of the applicable facts and choices was within the bounds of reasonableness." *Green Tree Servicing*, *LLC*, 2017 ME 68, ¶ 12, 158 A.3d 931. Here, because the court concluded that Christopher's due process rights precluded it from exercising its discretion,[6] we begin by addressing the court's understanding of the law, which requires us to determine "the parameters of the court's authority—a matter that we review de novo." *Id.; see also State v. Mason*, 408 A.2d 1269, 1272 (Me. 1979) (noting that where "the presiding Justice does not exercise judicial discretion when he

---

[6] The court was unequivocal that it did not intend the dismissal with prejudice "to act as a sanction upon [Doe]." Instead, the court reasoned that due process *required* it to dismiss the complaint with prejudice because Christopher "was entitled to have the matter adjudicated on the day the trial was scheduled."

is authorized to do so, his ruling is based upon a misconception of the applicable law").

1. Procedural Due Process

[¶9] Doe argues that the court erred in concluding that if no hearing was held on March 9, 2020, due process required the court to dismiss the complaint with prejudice. Christopher contends that because 19-A M.R.S. § 4006(1) requires a hearing within twenty-one days after the filing of the complaint, due process dictates that the matter either be adjudicated on that exact date or be dismissed with prejudice.

[¶10] We review this issue of procedural due process de novo. *State v. Jones*, 2012 ME 126, ¶ 35, 55 A.3d 432. The due process clause of the Maine Constitution echoes its federal counterpart: "No person shall be deprived of life, liberty or property without due process of law." Me. Const. art. I, § 6-A; U.S. Const. amend. XIV, § 1; *see also Green v. Comm'r of Mental Health & Mental Retardation*, 2000 ME 92, ¶ 21 n.4, 750 A.2d 1265.

[¶11] In determining whether a person has been deprived of a protected interest without due process of law, we employ two steps. "First, we determine if the government has deprived a claimant of life, liberty, or property interests. Second, if such deprivation occurred, we then determine what process,

pursuant to the Fourteenth Amendment, is due utilizing the factors in *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)." *DaimlerChrysler Corp. v. Exec. Dir., Me. Revenue Serv.*, 2007 ME 62, ¶ 26, 922 A.2d 465 (citation omitted). Those factors are as follows:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*In re A.M.*, 2012 ME 118, ¶ 15, 55 A.3d 463 (quoting *Mathews*, 424 U.S. at 335).

[¶12] Pursuant to this framework, we must first determine whether any of Christopher's constitutionally protected interests would have been affected had the court dismissed Doe's complaint without, rather than with, prejudice. A parent's right to make decisions concerning the care and custody of his children is a fundamental liberty interest that is undoubtedly at stake in an action like this for protection from abuse. *See Rideout v. Riendeau*, 2000 ME 198, ¶ 18, 761 A.2d 291. However, that interest is not implicated by a court's dismissal of an action for protection from abuse because a dismissal with or without prejudice can actually *restore* the parental rights of the defendant by terminating the court's temporary protection order. *See* 19-A M.R.S. § 4006(2).

In short, a dismissal without prejudice would not deprive Christopher of his parental rights without due process of law. Neither the trial court nor Christopher identified any legal authority to support the proposition that there is a protected liberty interest in being shielded from future litigation on a complaint for protection from abuse when the plaintiff seeks to dismiss an initial complaint.[7] Because, in the context of this case, there is no protected interest that inoculates Christopher from a future civil complaint arising from facts that have not previously been developed at trial, there can be no procedural due process violation.[8] *See DaimlerChrysler Corp.*, 2007 ME 62, ¶ 26, 922 A.2d 465.

---

[7] To the extent that we have opined on the procedural safeguards surrounding a dismissal with prejudice, we have focused on the importance of the court or the opposing party providing "*the plaintiff* with adequate notice that such a result will be considered." *Green Tree Servicing, LLC v. Cope*, 2017 ME 68, ¶ 20, 158 A.3d 931 (emphasis added).

[8] Even if we were to conclude that Christopher had a protected interest in not being subjected to future litigation about Doe's allegations, we note that "the State has a compelling interest in limiting, restricting, or even terminating a parent's rights when harm to the child will result from the absence of such governmental interference," *In re Children of Bethmarie R.*, 2018 ME 96, ¶ 23, 189 A.3d 252 (quoting *Pitts v. Moore*, 2014 ME 59, ¶ 14, 90 A.3d 1169), and that "[t]he Due Process Clause is not an impenetrable wall behind which parents may shield their children; rather, it provides heightened protection against state intervention in parents' fundamental right to make decisions concerning the care, custody, and control of their children," *Rideout v. Riendeau*, 2000 ME 198, ¶ 19, 761 A.2d 291.

Moreover, contrary to the court's conclusion that Christopher's due process rights entitled him to have the complaint "adjudicated on the day the trial was scheduled," it is well settled that there is no due process property right in a procedure itself. *See Gregory v. Town of Pittsfield,* 479 A.2d 1304, 1308 (Me. 1984) (holding that the failure to follow statutorily prescribed procedures was not a violation of due process because there is "no property interest in statutory procedures themselves"); *Botting v. Dep't of Behav. & Dev. Servs.,* 2003 ME 152, ¶ 23, 838 A.2d 1168 (holding that "[t]he interest in procedure itself is not an interest protected by the Fourteenth Amendment"). As we have held, in an action for protection from abuse, "the court has the discretion, for good cause, to schedule the

[¶13] Furthermore, Christopher's contention that his due process rights are "inextricably tied" to a hearing, *see* 19-A M.R.S. § 4006(1), is accurate but misapplied. *See Sparks v. Sparks*, 2013 ME 41, ¶ 28, 65 A.3d 1223. Christopher would still be afforded an opportunity to be heard and present evidence if Doe files a second complaint, and we have held that, if followed correctly, the procedures in actions for protection from abuse adequately protect a defendant's procedural due process rights. *See id.* at ¶ 29 (holding that "[b]ecause the father was actually present at and participated in the hearing and was able to present evidence concerning a possible award of parental rights to [the mother], he received ample due process"). We conclude that the court erred as a matter of law when it determined that due process and 19-A M.R.S. § 4006(1) required it to either hold the March 9 hearing as scheduled or dismiss the complaint with prejudice and that, pursuant to M.R. Civ. P. 41(a)(2), the court retained the authority and discretion to dismiss Doe's complaint without prejudice.[9]

---

hearing for a date later than twenty-one days after the filing of the complaint, even over the objection of one of the parties." *Connolly v. Connolly*, 2006 ME 17, ¶ 5, 892 A.2d 465 (citing to *Shaw v. Packard*, 2005 ME 122, ¶ 11, 886 A.2d 1287); *see also Hayes v. Hayes*, 2009 ME 31, ¶ 6, 967 A.2d 725.

[9] To the extent that Christopher argues that allowing the court to dismiss Doe's complaint without prejudice would permit other plaintiffs to misuse the statutes governing actions for protection from abuse through multiple refilings and dismissals, we note that M.R. Civ. P 41(a)(1) allows only one voluntary dismissal before the second dismissal acts as an adjudication on the merits. *See* M.R. Civ. P. 41(a)(1) ("[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff

## 2. Court's Exercise of Discretion

[¶14]   Because the court erred by concluding that it did not have the discretion to grant Doe's motion, we vacate the order dismissing the complaint with prejudice and remand for further proceedings consistent with this opinion. *C.f. Green Tree Servicing, LLC*, 2017 ME 68, ¶ 23, 158 A.3d 931 (vacating the order and remanding the case for further proceedings because the plaintiff's lack of standing did not preclude the court from exercising its discretion pursuant to M.R. Civ. P. 41(a)(2)); *see also State v. Mason*, 408 A.2d 1269, 1273 (Me. 1979) (vacating the judgment and remanding the case for further proceedings because the defendant was entitled "to have the trial Justice exercise his discretion under Rule 16(d)").

[¶15]   On remand, the court should consider that pursuant to 19-A M.R.S. § 4001(2), courts must liberally construe the statutes governing protection from abuse to protect victims of domestic abuse by "allow[ing] family and household members who are victims of domestic abuse to obtain expeditious and effective protection against further abuse so that the lives of the

---

who has once dismissed in any court of this state or any other state or the United States an action based on or including the same claim.").   Finally, should plaintiffs misuse the statutes governing actions for protection from abuse, courts retain the discretion pursuant to M.R. Civ. P. 41(a)(2) to dismiss such vexatious actions with prejudice "as a sanction for misconduct." *Green Tree Servicing, LLC*, 2017 ME 68, ¶ 18, 158 A.3d 931.

nonabusing family or household members are as secure and uninterrupted as possible." *See also* 19-A M.R.S. § 4001(4) (stating that one of the chapter's purposes is to prevent domestic abuse by "expand[ing] the power of the justice system to respond effectively to situations of domestic abuse"); *State v. Blum*, 2018 ME 78, ¶ 10, 187 A.3d 566 (noting that the directive and stated purposes of section 4001 "guide our interpretation" of the protection from abuse chapter); *State v. Falcone*, 2000 ME 196, ¶ 7, 760 A.2d 1046, (rejecting a narrow interpretation of the word "residence" because it would "contravene[] the express statutory purpose of protecting the victim").

[¶16]  Moreover, because the court incorrectly believed that it had no choice but to order a dismissal with prejudice, it failed to consider the merits of Doe's motion and put the safeguards of Maine's statutes providing for protection from abuse, *see* 19-A M.R.S. § 4001, beyond the children's reach.  On remand, the court should also consider that the purpose of Doe's motion to dismiss the complaint without prejudice was to spare her children the trauma of testifying about what they allegedly endured and to guard against the reality that, should the children lose the interim protections afforded to them by Christopher's bail conditions, there might then be a pressing need to file a second complaint grounded in the same allegations as the first.  Finally, the

court should consider that nothing in the record suggests that Doe's motion was made in bad faith or to delay the proceedings.

The entry is:

> Judgment of dismissal with prejudice vacated. Remanded to the District Court for further proceedings consistent with this opinion.

———————————

Jade Richards, Esq., Pine Tree Legal Assistance, Augusta, and Melissa L. Martin, Esq. (orally), Pine Tree Legal Assistance, Portland, for appellant Pat Doe

Ashley T. Perry, Esq. (orally), Sanders, Hanstein & Carey, P.A., Farmington, for appellee Christopher Hills-Pettitt

Augusta District Court docket number PA-2020-72
FOR CLERK REFERENCE ONLY